******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANDRE ATKINS *v.* COMMISSIONER OF CORRECTION
(AC 35191)

Lavine, Keller and Harper, Js.

*Argued February 10—officially released July 28, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*James P. Sexton*, assigned counsel, with whom was
*Michael S. Taylor*, for the appellant (petitioner).

*Michele C. Lukban*, senior assistant state's attorney,
with whom, on the brief, were *Maureen Platt*, state's
attorney, and *Daniel H. Miller*, special deputy assistant
state's attorney, for the appellee (respondent).

*Opinion*

HARPER, J. The petitioner, Andre Atkins, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion when it denied his petition for certification to appeal, (2) improperly concluded that his trial counsel, John Cizik, did not provide ineffective assistance by failing to call a certain "alibi" witness,[1] and (3) improperly concluded that his trial counsel did not provide ineffective assistance for failing to investigate the victims[2] and their motives for fabricating their allegations against the petitioner. We conclude that the court did not abuse its discretion in denying the petition for certification to appeal, and, accordingly, dismiss the appeal.

The following facts, as recounted in the petitioner's direct appeal; *State* v. *Atkins*, 118 Conn. App. 520, 984 A.2d 1088 (2009), cert. denied, 295 Conn. 906, 989 A.2d 119 (2010); and procedural history are relevant to our resolution of this appeal.

"The female victim, C,[3] was born in December, 1992, and the [petitioner was born] in 1983. C lived with her mother, brother and two sisters. C and her brother have the same father and visited him approximately every other weekend, first in Bridgeport and later in Waterbury. When C was six or seven years old, her father lived in Bridgeport with other family members, including the [petitioner], who is the nephew of C's stepmother. The father and his family, including the [petitioner], later moved to Waterbury. On one occasion in 2005, when C was visiting her father in Waterbury, she took a shower and the [petitioner] 'busted in the shower' and turned her around 'so he could see everything.' When visiting her father in Waterbury, C stayed in her sister's bedroom and shared a queen-size bed with her sister. The [petitioner] slept on the bedroom floor. While C was visiting her father in Waterbury at unspecified dates in 2005, when C was twelve years old, the [petitioner] twice had sexual intercourse with C and attempted on a third occasion to do so.

"The [petitioner] thereafter was arrested and charged by way of substitute long form information with two counts of sexual assault in the first degree, attempt to commit sexual assault in the first degree, sexual assault in the fourth degree and two counts of risk of injury to a child." (Footnote in original.) Id. 523–24.

"Following a jury trial, the [petitioner] was convicted on all counts and sentenced to a total effective term of fourteen years incarceration and twenty-six years special parole." Id., 525. This court reversed the petitioner's conviction of sexual assault in the fourth degree and affirmed the judgment in all other respects. Id., 537.

On April 18, 2012, the petitioner filed his second

amended petition for a writ of habeas corpus, in which he alleged ineffective assistance of trial counsel on the bases of trial counsel's failure to, inter alia: (1) call an alibi witness, M, and (2) conduct a proper investigation "into *any and all the defenses* the petitioner had available to him at trial *including but not limited to* taking a statement from [M] that would have supported the claim that the petitioner was innocent of all charges."[4] (Emphasis added.)

At the habeas trial, the petitioner presented five witnesses: (1) his trial counsel; (2) Mark Schachter, the petitioner's investigator who took photographs of the house where the alleged sexual assaults occurred; (3) C's stepsister, A, who at the time of the trial had informed the police, in the presence of her mother, M, that five years prior to the incidents with C the petitioner had sexually assaulted her; (4) M; and (5) D, the petitioner's grandmother and the mother of M, who stated that she knew that the petitioner did not assault C because he was "not raised that way" and "was raised better than that." Thereafter, the court denied the petition for a writ of habeas corpus in a memorandum of decision issued on October 18, 2012. The court determined that the petitioner failed to meet his burden of proving that his trial counsel had rendered ineffective assistance in any of the ways alleged. The court also noted that "[i]n the posttrial brief, the petitioner contends that [trial counsel] was deficient in failing to have any other witnesses interviewed to determine whether [one of the witnesses], namely [D], might provide support for the defense theory that [C] made a false accusation against him. However, that specification of ineffective assistance was never alleged in the amended petition . . . and, therefore, cannot form the basis for granting of the petition."

The petitioner then filed a petition for certification to appeal,[5] which alleged "ineffective assistance of counsel (trial) for failing to call alibi witnesses and failing to investigate *all defenses petitioner had available* at trial including failure to impeach [C] as to motive to lie and fabricate allegations of sexual assault." (Emphasis added.) The court denied the petition for certification to appeal on November 7, 2012. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the petitioner claims that the court abused its discretion in denying certification to appeal. We disagree.

We begin by setting forth the applicable standard of review and procedural hurdles that the petitioner must surmount to obtain appellate review of the merits of a habeas court's denial of the habeas petition following denial of certification to appeal. "In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), we concluded that . . . [General Statutes] § 52-470 (b) prevents a reviewing court from hearing the merits of a habeas

appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), [our Supreme Court] incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Emphasis in original; internal quotation marks omitted.) *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 214–15, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013).

In order to consider the merits of the petitioner's underlying claims, we next set forth the standard of review for claims of ineffective assistance of counsel. "In order to establish an ineffective assistance of counsel claim, a petitioner must meet the two-prong test enunciated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Specifically, the claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . Because both prongs of *Strickland* must be demonstrated for the petitioner to prevail, failure to prove either prong is fatal to an ineffective assistance claim." (Emphasis in original; internal quotation marks omitted.) *Jones* v. *Commissioner of Correction*, 152 Conn. App. 110, 115, 96 A.3d 1271, cert. denied, 314 Conn. 931, 102 A.3d 83 (2014). "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Hankerson* v. *Commissioner of Correction*, 150 Conn. App. 362, 367, 90 A.3d 368, cert. denied, 314

Conn. 919, 100 A.3d 852 (2014).

On the basis of our review of the record, the briefs, and the arguments of the parties, we conclude that the court did not abuse its discretion in denying the petitioner's petition for certification to appeal. In reaching this conclusion, we first consider the petitioner's claim that the court improperly concluded that trial counsel was ineffective by failing to call M as an alibi witness. The respondent, the Commissioner of Correction, argues that in the petitioner's second amended petition, the only claim in relation to M was to her status as an alibi witness, and that the court properly concluded that the trial counsel was not ineffective for failing to investigate and call M for such purpose.

In its memorandum of decision, the court specifically summarized the testimony of the "alibi witness," M, called by the petitioner. At the habeas trial, M testified that she was always at her small home when the petitioner was there, and that she never overheard or saw any sexual activity between the petitioner and C. In response to this testimony, the court indicated that: "This can hardly be characterized as 'alibi' evidence. [M's] testimony did not tend to prove that the petitioner was elsewhere when the alleged assaults occurred, but merely that she never personally witnessed any improper behavior."[6]

"The word 'alibi' is defined in Webster's Third New International Dictionary as 'the plea of having been at the time of the commission of an act elsewhere than at the place of commission . . . .' The American Heritage Dictionary of the English Language defines 'alibi' as '[a] form of defense whereby a defendant attempts to prove that he or she was elsewhere when the crime in question was committed.' We therefore conclude that an 'alibi,' as used in Practice Book § 40-21, is a claim by the defendant that he or she was in a place different from the scene of the crime at the time of the alleged offense." *State* v. *Tutson*, 278 Conn. 715, 732–33, 899 A.2d 598 (2006). Accordingly, the habeas court concluded that M's "testimony did not tend to prove that the petitioner was elsewhere when the alleged assaults occurred, but merely that she never witnessed any improper behavior." Therefore, because the petitioner's "alibi witness" could not provide an alibi for the petitioner, as described by our Supreme Court, it cannot be said that under *Strickland*, trial counsel's representation fell below an objective standard of reasonableness.[7]

Second, we consider the petitioner's claim that the court improperly concluded that trial counsel did not provide ineffective assistance for failing to investigate C and A, and their motives for fabricating their allegations against the petitioner. The petitioner argues that the phrase "any and all defenses the petitioner had available to him at trial including but not limited to" was sufficient to notify the court as well as the respondent that his

allegation in his petition for a writ of habeas corpus encompassed trial counsel's failure to interview M, A, and D to impeach C on a motive to fabricate the allegations against the petitioner. The petitioner further asserts that specifically, his mention of trial counsel's failure to investigate M in his second amended petition for a writ of habeas corpus also implied trial counsel's failure to investigate D and A. In return, the respondent argues that the petitioner's second amended petition failed to mention D and A with any specificity, and that the court did not abuse its discretion in denying his petition for certification when the failure to interview A and D was not specifically alleged in his second amended habeas petition. The respondent further asserts that the petitioner did not alert the court in his petition for certification to appeal that he also was seeking appellate review related to this issue. We agree with the respondent.

"[I]t is axiomatic that a petitioner is bound by his petition [for a writ of habeas corpus]. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. . . . Having not raised [an] issue before the habeas court, [a] petitioner is barred from raising it on appeal. This court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the [petitioner's] claim. . . . This court is not compelled to consider issues neither alleged in the habeas petition nor considered at the habeas proceeding . . . ." (Internal quotation marks omitted.) *Hankerson* v. *Commissioner of Correction*, supra, 150 Conn. App. 367.

Further, "[t]his court has determined that a petitioner cannot demonstrate that the habeas court abused its discretion in denying a petition for certification to appeal if the issue that the petitioner later raises on appeal was never presented to, or decided by, the habeas court. . . . Under such circumstances, a review of the petitioner's claims would amount to an ambuscade of the [habeas] judge." (Internal quotation marks omitted.) *Tutson* v. *Commissioner of Correction*, supra, 144 Conn. App. 217. "[W]e fail to see how a court could abuse its discretion in failing to grant a petitioner certification to appeal to challenge an issue that was not first presented to the court and then ruled upon by it." (Internal quotation marks omitted.) *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 752, 9 A.3d, 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011). Our Supreme Court recently stated in *Moye* v. *Commissioner of Correction*, 316 Conn. 779, 788, 114 A.3d 925 (2015), that a habeas court is not responsible for the petitioner's failure to present an

ineffective assistance claim. Further, the court explained that: "The petitioner's unpreserved ineffective assistance claim does not challenge the actions of the habeas court; the habeas court did not, and *could not*, take any action with respect to that claim because the petitioner never presented it to the habeas court." (Emphasis in original.) Id.

In this case, the petition for certification to appeal stated the grounds upon which the petitioner proposed to appeal as follows: "Ineffective assistance of counsel (trial) for failing to call alibi witnesses and failing to investigate all defenses petitioner had available at trial including failure to impeach [C] as to motive to lie and fabricate allegations of sexual assault." Except for the inclusion of M as a potential alibi witness, as discussed previously in this opinion, the remainder of the petitioner's grounds for appeal were not reached by the court. Therefore, guided by *Moye* v. *Commissioner of Correction*, supra, 316 Conn. 779, and *Logan* v. *Commissioner of Correction*, supra, 125 Conn. App. 744, we fail to see how the court could abuse its discretion in failing to grant the petitioner's petition for certification to appeal when the basis of the appeal was never alleged in the habeas petition.

Therefore, because the petitioner failed to plead the claim before the habeas court that he now asserts in the petition for certification to appeal, the claim fails. See *Hankerson* v. *Commissioner of Correction*, supra, 150 Conn. App. 370; *Stenner* v. *Commissioner of Correction*, 144 Conn. App. 371, 375, 71 A.3d 693, cert. denied, 310 Conn. 918, 76 A.3d 633 (2013); *Tutson* v. *Commissioner of Correction*, supra, 144 Conn. App. 217; *Campbell* v. *Commissioner of Correction*, 132 Conn. App. 263, 267, 31 A.3d 1182 (2011).

Accordingly, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] In his petition for certification to appeal, the petitioner alleged, as a ground on which he was basing his appeal, that his trial counsel provided ineffective assistance by failing to call a certain alibi witness. Although the petitioner's appellate brief does not specifically refer to this witness as an "alibi" witness, because that claim was raised by the petitioner, addressed in the brief of the respondent, the Commissioner of Correction, and decided by the habeas court, we will address it here. See *Lorthe* v. *Commissioner of Correction*, 103 Conn. App. 662, 703, 931 A.2d 348, cert. denied, 284 Conn. 939, 937 A.2d 696 (2007).

[2] The petitioner uses the word "victims" to describe C, the victim whom he was convicted of sexually assaulting in this case, and C's stepsister, A, whom the petitioner had allegedly sexually assaulted five years earlier.

[3] "In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e." *State* v. *Atkins*, supra, 118 Conn. App. 523 n.3.

[4] The petitioner also alleged in his second amended petition that trial counsel was ineffective because he failed (1) to file a motion to suppress

the petitioner's confession, as it was involuntary and violated his *Miranda* rights, (2) to obtain medical records of the victim, and (3) to file appropriate pretrial and trial motions including a motion to suppress the petitioner's confession based on involuntariness and a violation of his *Miranda* rights. See *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). The habeas court found that the allegations of ineffective assistance of trial counsel regarding the motion to suppress and failure to obtain medical records were abandoned by the petitioner in his postttrial brief, and they are not before us on appeal.

[5] The petitioner filed his petition for certification to appeal as a self-represented party.

[6] The court, when considering why trial counsel did not present M to testify at the criminal trial, took into account the fact that M resided in North Carolina at the time of the underlying criminal trial. The interstate summons to compel her testimony was "rebuffed by a North Carolina court" and M "refused to return to Connecticut to testify voluntarily."

[7] Additionally, the court noted that M's testimony was both helpful and harmful to the petitioner. In regards to this, the court stated: "First, [M] would have corroborated the petitioner's presence at her home when [C] was there on occasion. But more significantly, [M's] own daughter, who was ten years old at the time, gave a statement to the police, in her mother's presence, that the petitioner had also sexually assaulted her at the residence. The court cannot find fault with . . . [trial counsel's] fears that there existed a possibility that this evidence could come forth under some evidentiary theory. Clearly, the petitioner has failed to prove ineffective assistance in this regard."

———————————————