VANCE JOHNSON *v.* COMMISSIONER
OF CORRECTION
(AC 30100)

Bishop, Gruendel and Pellegrino, Js.

Submitted on briefs March 17—officially released June 1, 2010

*Laljeebhai R. Patel,* special public defender, filed a brief for the appellant (petitioner).

*Gail P. Hardy,* state's attorney, and *Ronald G. Weller* and *Kevin J. Murphy,* senior assistant state's attorneys, filed a brief for the appellee (respondent).

PER CURIAM. On May 30, 2008, the habeas court, *Schuman, J.,* dismissed the petition for a writ of habeas corpus filed by the petitioner, Vance Johnson, on the ground that it constituted a successive petition.[1] After the petitioner filed his appeal, the court, *Schuman, J.,* communicated in writing to counsel for the petitioner and counsel for the respondent, the commissioner of correction, by letter dated December 23, 2008. The letter stated, in part: "After reading the [petitioner's] brief, it appears that, due to the confusing state of the record in this case, I may have simply missed the fact that the petitioner attempted to raise various incompetency claims in his latest pro se petition. I therefore would have some willingness to sign a postjudgment order granting the petitioner a habeas trial on these claims." On the basis of the contents of this letter, which this court appreciates, we conclude that the matter should be remanded for further proceedings.[2]

The judgment is reversed and the case is remanded for further proceedings according to law.

---

[1] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

[2] The petitioner also claims that the court improperly denied his request for the appointment of counsel. In an articulation of its decision, however, the court stated that it "did not formally deny the petitioner's request for appointment of counsel" and that it "never reached the issue of whether to appoint habeas trial counsel because the court dismissed the petition upon preliminary review pursuant to Practice Book § 23-29 (3)." Because the habeas court has stated its willingness to afford the petitioner a hearing on his petition, and, thus, no longer believes that the matter should have been dismissed pursuant to Practice Book § 23-29 (3), we are confident that the court will address the petitioner's request for counsel.