VANCE JOHNSON *v.* COMMISSIONER
OF CORRECTION
(AC 33594)

Gruendel, Sheldon and Dupont, Js.

Argued March 14—officially released July 23, 2013

*Lori Welch-Rubin*, assigned counsel, for the appellant (petitioner).

*Timothy F. Costello*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *Angela R. Macchiarulo*, senior assistant state's attorney, and *Erika L. Brookman*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Vance Johnson, appeals from the judgment of the habeas court denying his most recent post-conviction petition for a writ of habeas corpus alleging that he had received ineffective assistance of counsel both in his underlying criminal trial and in two earlier habeas corpus proceedings challenging the lawfulness of his underlying conviction. As to his trial counsel, Fred DeCaprio, the petitioner makes a claim of ineffective assistance based upon DeCaprio's alleged failure to investigate, or to present any claim

to the trial court concerning, the petitioner's competency to stand trial. As to his first prior habeas counsel, Vicki Hutchinson, the petitioner makes a claim of ineffective assistance based upon Hutchinson's failure to raise the foregoing claim of ineffective assistance by DeCaprio as an independent basis for seeking habeas relief. As to his second prior habeas counsel, William Burns, the petitioner makes a claim of ineffective assistance based upon Burns' failure to raise a claim of ineffective assistance by Hutchinson for failing to raise the foregoing claim of ineffective assistance by DeCaprio as a basis for seeking habeas relief. The petitioner claims that the habeas court improperly determined that he had not received ineffective assistance of counsel from his trial lawyer, DeCaprio, or either of his prior habeas counsel, Hutchinson or Burns, and that the habeas court erred in excluding the report and testimony of his psychological and cognitive forensic expert. We disagree with the petitioner, and thus affirm the judgment of the habeas court.

The petitioner was charged in his underlying criminal case with murder and criminal possession of a firearm. He pleaded guilty to the firearm charge and was sentenced to five years incarceration on that offense. At a subsequent jury trial, in which he was represented by DeCaprio, the petitioner was found guilty of murder and was sentenced on that charge to sixty years incarceration, to run concurrently with his sentence on the firearm charge. His conviction was later affirmed by this court on direct appeal. *State* v. *Johnson*, 53 Conn. App. 476, 733 A.2d 852, cert. denied, 249 Conn. 929, 733 A.2d 849 (1999).

Since his conviction, the petitioner has filed four habeas corpus petitions. In the present, most recent petition, as noted, his claims were based upon his trial

counsel's alleged failure to request a competency examination pursuant to General Statutes § 54-56d[1] and the failure of his two prior habeas attorneys to allege ineffectiveness by their predecessors in prior trial and habeas corpus proceedings. At the present habeas trial, the respondent, the commissioner of correction, sought to bifurcate the case in order first to focus on the performance of the petitioner's prior attorneys, and thus perhaps to eliminate the need to proceed to the element of prejudice, which would entail the presentation of medical evidence. The petitioner objected to bifurcation on the ground that the performance and prejudice prongs of an ineffective assistance inquiry under *Strickland* are intertwined due to the nature of the claim of ineffective assistance, to wit: that his trial counsel should have requested a competency examination. The habeas court agreed with the respondent that it made sense to bifurcate the trial and begin with the testimony of the petitioner's prior attorneys.

Following the petitioner's presentation of the testimony of his three prior attorneys, in addition to his own testimony, the habeas court denied the petition for a writ of habeas corpus from the bench, finding that there had never been "a question in anyone's mind" as to the petitioner's competency at the time of his trial. Having heard the testimony of the petitioner's attorneys and reviewed the transcripts of earlier proceedings in which they represented him, the habeas court determined that "there is no possibility . . . that [the petitioner] was incompetent. There isn't even a hint of it."

---

[1] General Statutes § 54-56d provides in pertinent part: "(a) A defendant shall not be tried, convicted or sentenced while he is not competent. . . . [A] defendant is not competent if he is unable to understand the proceedings against him or to assist in his own defense. . . .

"(c) If at any time during a criminal proceeding it appears that the defendant is not competent, counsel for the defendant or for the state, or the court, on its own motion, may request an examination to determine the defendant's competency."

The habeas court noted DeCaprio's testimony that although he had had some concerns during the criminal trial regarding the petitioner's ability to assist with his defense, and had raised those concerns with the trial court and asked for some time to have an evaluation done to ascertain whether there should be an inquiry regarding the petitioner's competency, he did not feel it necessary to file a motion for a competency evaluation pursuant to § 54-56d. The habeas court credited DeCaprio's testimony, which it described as unequivocal, that "at no time did he feel that there was a question of incompetency." The habeas court also credited the testimony of Burns and Hutchinson, who both testified in support of the finding that "there certainly was in no way any issue of [the petitioner's] competency." On those bases, the habeas court concluded that DeCaprio's performance had not been deficient, and thus that the petitioner had not been denied the effective assistance of counsel at trial.[2] The court, accordingly, denied the petition for a writ of habeas corpus. The petitioner sought certification to appeal the habeas court's decision, which the habeas court granted, and this appeal followed.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States

---

[2] We note that, as a practical matter, the petitioner's claims as to his two prior habeas attorneys rests upon the determination that DeCaprio did not render ineffective assistance in failing to request a competency evaluation because, as a result of that determination, the petitioner could not, as a matter of law, prove prejudice.

Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense . . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Crocker* v. *Commissioner of Correction*, 101 Conn. App. 133, 135–36, 921 A.2d 128, cert. denied, 283 Conn. 905, 927 A.2d 916 (2007).

"Because both prongs [of *Strickland*] must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong." (Internal quotation marks omitted.) Id., 137. Accordingly, a court need not consider the prejudice prong if it determines that the petitioner has failed to meet the burden of proving deficient performance. Id., 143; see also *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 428–29, 589 A.2d 1214 (1991).

In determining that the petitioner failed to prove that his attorneys rendered ineffective assistance, the habeas court credited the testimony of each of the petitioner's attorneys, as it was free to do, that they never had any reason to question the petitioner's competency at the time of trial. Based upon that testimony, the habeas court determined that there was no ineffectiveness of counsel, as claimed by the petitioner, and thus that the petitioner failed to satisfy the first prong of *Strickland*, rendering expert medical testimony regarding that competency unnecessary. "As an appellate court, we do not reevaluate the credibility of testimony, nor will we do so in this case. The habeas judge, as the trier of facts, is the sole arbiter of the credibility of

witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Sargent* v. *Commissioner of Correction*, 121 Conn. App. 725, 736, 997 A.2d 609, cert. denied, 298 Conn. 903, 3 A.3d 71 (2010). Because the habeas court's conclusion is amply supported by the record, we cannot conclude that it was in error.

The petitioner also claims that the habeas court improperly denied his request to admit into evidence the report and testimony of his psychological and cognitive forensic expert. Although the habeas court denied the petitioner's offer, it did so with the qualification that it would not admit it at that "stage of the game" because the medical testimony and report were not relevant to the inquiry as to DeCaprio's performance. The petitioner asserts that when the issue before the court is whether counsel is ineffective for failing to request a competency examination, the performance and prejudice prongs of *Strickland* are intertwined, and thus that the court should have permitted the testimony and report at issue into evidence. Not only is the petitioner's claim devoid of any basis in our law, but it is contrary to extensive authority that an ineffective assistance claim can be defeated by the failure of the petitioner to prove *either* deficient performance *or* resulting prejudice. We thus conclude that the habeas court properly applied the *Strickland* test to the petitioner's claim.

The judgment is affirmed.