******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VANCE JOHNSON *v.* COMMISSIONER
OF CORRECTION
(AC 37856)

Keller, Mullins and Norcott, Js.

*Argued May 17—officially released September 13, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Fuger, J.)

*Arnold V. Amore,* assigned counsel, for the appel-
lant (petitioner).

*Kathryn W. Bare*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *Jo Anne Sulik*, supervisory assistant state's attorney, and *Randall Blowers*, special deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

NORCOTT, J. The petitioner, Vance Johnson, appeals from the judgment of the habeas court dismissing his sixth petition for a writ of habeas corpus.[1] On appeal, the petitioner claims that the habeas court, *Fuger, J.*, improperly granted the motion to dismiss filed by the respondent, the Commissioner of Correction. We conclude that the court properly dismissed that portion of the petition for a writ of habeas corpus alleging ineffective assistance of his first and second habeas counsel on the ground of res judicata, and that the court also properly dismissed that portion of the petition alleging ineffective assistance of his third and fourth habeas counsel, albeit on alternative grounds than those on which the court relied.

The record reveals the following facts and procedural history. On August 29, 1994, the petitioner was charged with murder in violation of General Statutes (Rev. to 1993) § 53a-54a and with criminal possession of a firearm in violation of General Statutes (Rev. to 1993) § 53a-217. On December 9, 1996, the petitioner pleaded guilty to the charge of criminal possession of a firearm and received a sentence of five years incarceration in the custody of the respondent. At a subsequent jury trial, in which he was represented by Fred DeCaprio (trial counsel), the petitioner was convicted of murder and sentenced to sixty years incarceration, to run concurrently with the sentence on the firearm charge for a total effective sentence of sixty years of imprisonment. The petitioner's murder conviction was affirmed on direct appeal in *State* v. *Johnson*, 53 Conn. App. 476, 733 A.2d 852, cert. denied, 249 Conn. 929, 733 A.2d 849 (1999).

Since his conviction, the petitioner has filed six relevant habeas corpus petitions.[2] In the present petition, he alleges ineffective assistance of counsel as to every counsel that has represented him in the prior habeas actions; therefore, we describe each in turn.

In 2001, the petitioner filed a four count revised amended petition for a writ of habeas corpus (first habeas petition), alleging ineffective assistance of trial counsel. See *Johnson* v. *Warden*, Superior Court, judicial district of Danbury, Docket No. CV-99-0336854-S (January 15, 2002). The petitioner was represented by Attorney Vicki Hutchinson (first habeas counsel) during the first habeas trial. As set forth in the memorandum of decision in the first habeas proceeding, the petitioner specifically claimed that trial counsel: (1) failed to investigate the state's factual allegations properly and failed to preserve a 911 tape related to misconduct evidence that was admitted at the criminal trial; (2) was "distracted" by the participation of a second defense lawyer during the jury selection process; (3) improperly permitted a juror to be dismissed in spite of the petition-

er's wishes to the contrary; and (4) for various reasons, failed to seek permission to withdraw from the case. Id.

After a trial, the first habeas court, *White, J.*, denied the petition for a writ of habeas corpus, concluding that trial counsel's conduct did not amount to ineffective assistance and that the petitioner failed to prove any of the allegations in the petition. Id. The first habeas court also denied a subsequent petition for certification to appeal. This court dismissed the petitioner's appeal from the first habeas court's denial of certification to appeal, and the Supreme Court denied certification to appeal. See *Johnson* v. *Commissioner of Correction*, 76 Conn. App. 901, 819 A.2d 940, cert. denied, 264 Conn. 904, 823 A.2d 1221 (2003).

In 2005, the petitioner, represented by Attorney William P. Burns (second habeas counsel) filed a second habeas petition, claiming again that trial counsel had rendered ineffective assistance of counsel, but in different respects than he had claimed in the first petition. *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 57, 951 A.2d 520 (2008), overruled in part on other grounds, *State* v. *Elson*, 311 Conn. 726, 754, 91 A.3d 862 (2014). In the second habeas petition, the petitioner also alleged that "counsel at his first habeas proceeding had also rendered ineffective assistance on his behalf by, inter alia, failing to secure certain witness testimony at the first habeas proceeding, to present certain relevant evidence at that proceeding, and to prepare adequately an argument on the petitioner's behalf." Id. The petitioner further claimed ineffective assistance of first habeas counsel for failing to allege that trial counsel was ineffective for failing to secure a ballistics expert to testify on the petitioner's behalf. Id., 64. "The petitioner also asserted that the respondent's method of recalculating the petitioner's presentence confinement credit violated his constitutional rights to due process and equal protection." Id., 57.

After a trial, the second habeas court concluded that the petitioner's claims of ineffective assistance by his first habeas counsel failed under both prongs of *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and that his claim as to trial counsel's ineffectiveness was "barred by the doctrine of res judicata as the petitioner had litigated the effectiveness of his trial counsel's performance in his first habeas proceeding." *Johnson* v. *Commissioner of Correction*, supra, 288 Conn. 58.

The second habeas court dismissed the petition for habeas corpus and subsequently granted certification to appeal. Id., 58. The Supreme Court affirmed the judgment of the second habeas court, concluding that first habeas counsel had not provided ineffective assistance as the petitioner failed to establish prejudice resulting from that counsel's failure to raise the issue of trial counsel's failure to present testimony of a ballistics

expert at trial. Id., 65. The Supreme Court further agreed with the second habeas court that, despite the petitioner's allegation of different factual bases in the second habeas petition, his claims of ineffective assistance of trial counsel were barred by the doctrine of res judicata as "the petitioner had an opportunity to litigate fully the effectiveness of his trial counsel in his first habeas proceeding." Id., 67.

On December 20, 2005, the self-represented petitioner filed a third habeas petition. On July 10, 2008, the habeas court, *Schuman*, *J.*, dismissed the petition without a hearing. No appeal followed.

On February 13, 2007, the petitioner, represented by Margaret P. Levy (third habeas counsel), filed a fourth habeas petition that sought, and ultimately obtained, the restoration of his right to sentence review. No appeal followed.

On March 21, 2011, the petitioner, represented by Laljeebhai R. Patel (fourth habeas counsel), filed a fifth habeas petition,[3] alleging that his second habeas counsel provided ineffective assistance by failing to allege in the second habeas action that his first habeas counsel rendered ineffective assistance for failing to allege that trial counsel was ineffective "at the petitioner's plea on the weapons charge and at the murder trial for failing to investigate . . . the [petitioner's] incompetence at plea and trial" and "failing to present the claim of the petitioner's incompetence at plea and at trial." Following the testimony of trial counsel, first habeas counsel and second habeas counsel, the fifth habeas court denied the petition for a writ of habeas corpus, finding the petitioner's claim that his trial counsel had provided ineffective assistance meritless as "there had never been 'a question in anyone's mind' as to the petitioner's competency at the time of his trial." *Johnson* v. *Commissioner of Correction*, 144 Conn. App. 365, 368, 73 A.3d 776, cert. denied, 310 Conn. 918, 76 A.3d 633 (2013). The fifth habeas court further determined that " 'there is no possibility . . . that [the petitioner] was incompetent. There isn't even a hint of it.' " Id.

The petitioner filed a petition for certification to appeal that decision, which the fifth habeas court granted. Id., 369. On appeal, this court noted that the claims in the fifth petition "were based upon . . . trial counsel's alleged failure to request a competency examination pursuant to General Statutes § 54-56d and the failure of [the petitioner's] two prior habeas attorneys to allege ineffectiveness by their predecessors in prior trial and habeas corpus proceedings." (Footnote omitted.) Id., 367–68. We affirmed the fifth habeas court's conclusion that the petitioner failed to prove that his trial counsel rendered ineffective assistance. Id., 371. We further affirmed the judgment in regard to the claims against the first and second habeas counsel because, as a result of the determination that "[trial counsel] did

not render ineffective assistance in failing to request a competency evaluation," the petitioner could not as a matter of law prove prejudice resulting from the first and second habeas counsel's alleged failure to raise a claim against trial counsel on that ground. Id., 369 n.2. Our Supreme Court denied the petitioner's petition for certification to appeal from this court's judgment. *Johnson* v. *Commissioner of Correction*, 310 Conn. 918, 76 A.3d 633 (2013).

On July 22, 2013, the self-represented petitioner filed a sixth habeas petition, which is the subject matter of the present appeal. On November 14, 2014, the petitioner filed the operative amended petition (sixth petition), claiming ineffective assistance of the first, second, third, and fourth habeas counsel for failing to allege in their respective prior habeas petitions that trial counsel was ineffective for failing to file a motion for competency evaluation pursuant to § 54-56d at or before the time of the petitioner's plea on the firearm charge, at or before sentencing on the firearms charge, at or before the jury trial for murder, at or before sentencing on the murder conviction, and after sentencing for murder for discovery of evidence that trial counsel failed to investigate by way of petition for a new trial.

On November 25, 2014, the respondent filed a motion to dismiss, pursuant to Practice Book § 23-39, alleging that the sixth petition failed to state a claim upon which relief could be granted[4] and that it constituted a successive petition. After a hearing on the motion, the habeas court in the present case, *Fuger, J.*, concluded in an oral decision that the sixth petition was precluded on the grounds of res judicata in its entirety as to the claims relating to first, second, third, and fourth habeas counsel and granted the respondent's motion to dismiss.[5] Thereafter, the habeas court granted certification to appeal, and this appeal followed.

We begin by setting forth our standard of review for a challenge to the dismissal of a petition for a writ of habeas corpus. "The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008). "To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous." (Internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 121 Conn. App. 295, 298, 995 A.2d 641, cert. denied, 297 Conn. 920, 996 A.2d 1192 (2010). With that standard in mind, we turn to the petitioner's claim that the habeas court in the present case improperly granted the respon-

dent's motion to dismiss on the ground of res judicata.

## I

The petitioner claims that the court erred when it granted the respondent's motion to dismiss on the basis of res judicata. The sixth petition included four counts alleging that first, second, third, and fourth habeas counsel were ineffective for failing to raise a claim that trial counsel was ineffective for failure to file a motion for a competency evaluation. For the reasons that follow, we conclude that the petitioner's claims as to the first two habeas counsel are barred by the doctrine of res judicata, but that the claims regarding third and fourth habeas counsel are not barred by that doctrine. Nevertheless, the claims regarding third and fourth habeas counsel are precluded, respectively, by collateral estoppel and for failure to state a claim upon which relief can be granted. Thus, we affirm the judgment of the habeas court as to the dismissal of the claims involving first and second habeas counsel on the basis of res judicata, and also affirm the judgment as to the claims involving third and fourth habeas counsel, albeit on the aforementioned alternative grounds.[6]

The standard of review of a motion to dismiss is well established. See *Zollo* v. *Commissioner of Correction*, 133 Conn. App. 266, 277, 35 A.3d 337, cert. granted on other grounds, 304 Conn. 910, 37 A.3d 1120 (2012) (appeal dismissed May 1, 2013). "It is well settled that the petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . The principle that a plaintiff may rely only on what he alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Internal quotation marks omitted.) Id.

Having set forth the applicable legal standard regarding the granting of a motion to dismiss, we now turn to the court's conclusion that the petitioner's claims were barred by the doctrine of res judicata.

In the second habeas action, the petitioner claimed ineffective assistance of first habeas counsel for failing to allege that trial counsel was ineffective for failing to secure a ballistics expert to testify on the petitioner's behalf. See *Johnson* v. *Commissioner of Correction*, supra, 288 Conn. 61. That claim was adjudicated fully on the merits. See id., 61–65. In the fifth habeas action, the petitioner claimed that first and second habeas counsel were ineffective for failing to allege that trial counsel was ineffective in failing to investigate and present a claim that the petitioner was incompetent at the plea and trial. These claims also were fully adjudicated on the merits. See *Johnson* v. *Commissioner of Correction*, supra, 144 Conn. App. 369–71. Now, the petitioner claims that first and second habeas counsel failed to allege that trial counsel was ineffective for

failing to file a motion for a competency evaluation. The petitioner appears to believe that merely providing a procedural gloss of the same factual allegations in a sixth petition in support of the same claim of ineffective assistance of trial counsel raised in an earlier petition is adequate to avoid dismissal of the latter petition. The procedural mechanism that the petitioner alleges that trial counsel was ineffective for failing to use—filing a motion under § 54-56d—is, however, the only means to formally present a claim of incompetency to a trial court. Nonetheless, the petitioner also alleges that these claims do not constitute the "same ground" or grounds as those litigated in the second and fifth habeas actions because the sixth petition alleges a new fact, namely, that trial counsel failed to file a motion for a competency evaluation under § 54-56d.

The respondent argues that the habeas court was correct in dismissing the sixth petition as to the first two counts on the grounds of res judicata, as the petitioner already fully litigated his claims against first and second habeas counsel in the second and fifth habeas actions. Because the petitioner has asserted claims that previously were adjudicated fully on their merits and has made no showing that any new factual allegations contained in the sixth petition were not available to him when he filed his earlier petitions, we agree with the habeas court that the claims against first and second habeas counsel are barred by the doctrine of res judicata. The habeas court therefore properly dismissed those claims.

We first analyze the application of the doctrine of res judicata in the habeas context. "The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . . The doctrine . . . applies to criminal as well as civil proceedings and to state habeas corpus proceedings. . . . However, [u]nique policy considerations must be taken into account in applying the doctrine of res judicata to a constitutional claim raised by a habeas petitioner. . . . Specifically, in the habeas context, in the interest of ensuring that no one is deprived of liberty in violation of his or her constitutional rights . . . the application of the doctrine of res judicata . . . [is limited] to claims that actually have been raised and litigated in an earlier proceeding." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 393, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012); see also *Johnson* v. *Commissioner of Correction*, supra, 288 Conn. 66–67 (holding that principles of res judicata prevent claim from being litigated where identical claim was raised, argued, and litigated in previous habeas trial).

In the context of a habeas action, a court must deter-

mine whether a petitioner actually has raised a new legal ground for relief or only has alleged different factual allegations in support of a previously litigated claim. "Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. . . . They raise, however the same generic legal basis for the same relief." (Citations omitted.) *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 141, 712 A.2d 947 (1998).

"[T]he doctrine of res judicata in the habeas context must be read in conjunction with Practice Book § 23-29 (3), which narrows its application." (Footnote omitted.) *Kearney* v. *Commissioner of Correction*, 113 Conn. App. 223, 235, 965 A.2d 608 (2009). Practice Book § 23-29 states in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ." Thus, a subsequent petition "alleging the same ground as a previously denied petition will elude dismissal if it alleges grounds not actually litigated in the earlier petition and if it alleges new facts or proffers new evidence not reasonably available at the time of the earlier petition." *Kearney* v. *Commissioner of Correction*, supra, 235. "In this context, a ground has been defined as sufficient legal basis for granting the relief sought." (Internal quotation marks omitted.) Id.

Accordingly, having compared the sixth petition to the prior petitions and having determined that they raise the same ground and seek the same relief, we conclude that the habeas court in the present case properly determined that the judgments rendered by the second and fifth habeas courts were judgments on the merits on the issue of ineffective assistance of the petitioner's trial counsel. We further conclude that the habeas court properly found that the petitioner had an opportunity to litigate fully the effectiveness of his trial counsel in the second and fifth habeas proceedings. See *Brown* v. *Commissioner of Correction*, 44 Conn. App. 746, 751, 692 A.2d 1285 (1997) (rejecting petitioner's claim of ineffective assistance of counsel as barred under doctrine of res judicata where petitioner raised additional ineffective assistance claims that could have been raised in first proceeding).

As noted previously, the petitioner failed to prove that the "new" facts alleged in the sixth habeas petition were "not reasonably available at the time of the prior petition." Practice Book § 23-29 (3). The allegations within the petitioner's sixth habeas petition claiming ineffective assistance of trial counsel constituted the same legal ground as those found in the second and fifth habeas petitions, simply expressed in a reformulation of

facts. These "new" allegations could have been raised in those petitions.[7] See *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 189, 908 A.2d 581 (2006).

Because the petitioner asserted claims that previously were adjudicated fully on their merits, we agree with the habeas court in the present case that the claims against the first and second habeas counsel are barred by the doctrine of res judicata. See *Brown* v. *Commissioner of Correction*, supra, 44 Conn. App. 751–52 (rejecting petitioner's claim of ineffective assistance of counsel as barred under doctrine of res judicata where petitioner, after having fully litigated effectiveness of counsel in petition for new trial, made additional ineffective assistance claim as to same attorney before habeas court but cited different factual grounds in support thereof); see also *Asherman* v. *State*, 202 Conn. 429, 443, 521 A.2d 578 (1987) (concluding that defendant's claim of juror misconduct was barred by res judicata because claim was "virtually identical in substance" to claim previously raised and decided); *State* v. *Aillon*, 189 Conn. 416, 423, 456 A.2d 279 (noting that judgment is final not only as to every matter that actually was presented to sustain claim, but also as to any other admissible matter that could have been offered for that purpose), cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983). Further, the petitioner's argument that the counts involving said counsel in the current petition raise a different legal ground from those raised in the prior petitions is without merit; both the current and prior petitions alleged ineffective assistance of trial counsel. Accordingly, the habeas court properly dismissed these counts of the sixth petition.

## II

The petitioner next claims that the habeas court in the present case improperly dismissed his petition with respect to the ineffective assistance of his third habeas counsel. Specifically, the petitioner argues that res judicata does not preclude his claim against third habeas counsel because it was not litigated in any of the prior habeas proceedings. The petitioner alleged that third habeas counsel was ineffective because she did not raise the issue of whether trial counsel was ineffective for failing to file a motion for a competency evaluation. The respondent concedes that the petitioner's claim of ineffective assistance of third habeas counsel was dismissed by the habeas court on improper grounds. We agree with the petitioner that the doctrine of res judicata does not apply with respect to his claim against his third habeas counsel. Nonetheless, we affirm the dismissal of this count on the alternative ground of collateral estoppel.[8]

Our Supreme Court has ruled that a petitioner has a right to effective assistance of habeas counsel. *Lozada* v. *Warden*, 223 Conn. 834, 838, 613 A.2d 818 (1992). "When a claim of ineffective assistance of habeas coun-

sel is brought for the first time, it is not subject to dismissal on grounds of res judicata." *Brewer* v. *Commissioner of Correction*, 162 Conn. App. 8, 20, 130 A.3d 882 (2015). "The teaching of *Lozada* is that a habeas petitioner is entitled to make a claim that he or she was deprived of effective habeas counsel in a prior petition, and the petitioner is entitled to advance this claim in an evidentiary proceeding. Regardless of the difficult burden undertaken by a habeas petitioner who claims ineffective assistance of habeas counsel, such a claim is not subject to dismissal on the ground that an earlier habeas petition that was based on the ineffectiveness of trial counsel had been unsuccessful." *Kearney* v. *Commissioner of Correction*, supra, 113 Conn. App. 239.

The current habeas proceeding was the first time the petitioner had raised a claim of ineffective assistance of third and fourth habeas counsel for allegedly failing to raise an ineffective assistance claim regarding trial counsel's failure to file a motion for a competency evaluation. The respondent concedes that the habeas court's dismissal of the claims against third and fourth habeas counsel on the ground of res judicata was incorrect as the petitioner had not raised this particular claim in any of his "numerous prior habeas petitions [alleging] ineffective assistance of counsel claims."

In part I of this opinion, we concluded that the habeas court properly dismissed the petitioner's claims of ineffective assistance of his first and second habeas counsel because they already had been litigated fully in the second and fifth habeas proceedings. The trial court's ruling does not preclude a claim in the current habeas proceeding that a prior habeas counsel was ineffective litigating that claim. "Although the petitioner must, by necessity, repeat his allegations of trial counsel's inadequacy, there may never have been a proper determination of that issue in the [prior] habeas proceeding[s] because of the allegedly incompetent habeas counsel. The claim of ineffective assistance of habeas counsel, when added to the claim of ineffective assistance of trial counsel, results in a different issue." (Internal quotation marks omitted.) *Brewer* v. *Commissioner of Correction*, supra, 162 Conn. App. 21.

A claim of ineffective assistance of counsel involving a habeas attorney "is not subject to dismissal on the ground that an earlier habeas petition that was based on the ineffectiveness of trial counsel had been unsuccessful." *Kearney* v. *Commissioner of Correction*, supra, 113 Conn. App. 239; see also *Lozada* v. *Warden*, supra, 223 Conn. 844 ("[t]he claim of ineffective assistance of habeas counsel, when added to the claim of ineffective assistance of trial counsel, results in a different issue"). Moreover, as noted previously, the application of the doctrine of res judicata is limited in habeas actions to "claims that actually have been raised and

litigated in an earlier proceeding." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 288 Conn. 67.

Thus, the habeas court in the present case incorrectly concluded that the petitioner's claim involving third habeas counsel was precluded by the doctrine of res judicata, as the petitioner had not raised that claim in any of the prior habeas petitions. Nonetheless, we affirm the habeas court's judgment on alternative grounds, as the issue of whether the third habeas counsel was ineffective for failing to allege that trial counsel was deficient for failing to file a motion for a competency evaluation was precluded by the doctrine of collateral estoppel.

"The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel . . . is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . .

"An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." (Internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 161 Conn. App. 253, 266, 127 A.3d 1001 (2015). "[C]ollateral estoppel [is] based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." (Internal quotation marks omitted.) Id., 267.

In his brief, the respondent argues that the habeas court's decision should be affirmed on the alternative ground that the claim as to third habeas counsel is barred by collateral estoppel because litigation of that claim necessarily requires relitigation of an issue that already has been fully and fairly decided in the fifth habeas action, specifically, whether trial counsel was ineffective for failing to move for a competency evaluation. We agree. Here, the claim involving third habeas counsel is barred by collateral estoppel because the judgment in the fifth habeas proceeding concerned the petitioner's claim against trial counsel, first habeas counsel, and second habeas counsel necessarily resolved an issue that would need relitigation if the

claim involving third habeas counsel were to proceed in this case. To establish that third habeas counsel was ineffective for failing to allege a claim that trial counsel was ineffective for failing to move for a competency evaluation, the petitioner would be required to prove that trial counsel was ineffective for failing to move for a competency evaluation. This already was decided, after a full evidentiary hearing, by the fifth habeas court when it found that (1) there was never a doubt as to the petitioner's competency at the time of the trial, and (2) trial counsel was not ineffective for failing to move for a competency evaluation. See *Johnson* v. *Warden*, supra, 144 Conn. App. 368.

We therefore conclude that because the fifth habeas court necessarily decided the underlying issue of whether trial counsel was ineffective for failing to move for a competency evaluation, the petitioner is precluded by collateral estoppel from relitigating the same in regard to his claim involving third habeas counsel. Thus, we affirm the dismissal of the claim involving third habeas counsel on the alternative ground that it is barred by collateral estoppel.

### III

Finally, the petitioner claims that the habeas court improperly dismissed his count alleging that fourth habeas counsel was ineffective. Specifically, he argues that res judicata does not preclude his claim that fourth habeas counsel rendered ineffective assistance because it was not previously litigated in any of the prior habeas proceedings. The respondent concedes that the count alleging ineffective assistance of fourth habeas counsel for failure to raise the issue of whether trial counsel was ineffective for failure to file a motion for a competency evaluation was dismissed improperly. We agree with the petitioner that the doctrine of res judicata does not apply as to his claim against the fourth habeas counsel. Nonetheless, we affirm the dismissal of this count on the alternative ground that the petition fails to state a claim upon which relief can be granted.

Practice Book § 23-29 (2) provides that a petition may be dismissed by the court if "the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted." On the basis of our plenary review of the record, we conclude that the petitioner's claim involving fourth habeas counsel in his sixth petition fails to state a claim upon which habeas corpus relief can be granted as fourth habeas counsel raised the very claim that petitioner, in the present petition, alleges was not raised. Specifically, fourth habeas counsel raised the claim that first and second habeas counsel were ineffective for failing to allege that trial counsel failed to investigate adequately and present the issue of the petitioner's competency at the time of plea and trial. *Johnson* v. *Commissioner of Correction*, supra, 144 Conn. App. 367–68.

This court explained that in the fifth habeas petition, the petitioner's claims "were based upon his trial counsel's alleged failure to request a competency examination pursuant to . . . § 54-56d and the failure of his two prior habeas attorneys to allege ineffectiveness by their predecessors in prior trial and habeas corpus proceedings." (Footnote omitted.) Id. In the current, sixth petition, the petitioner alleges that fourth habeas counsel, who represented him in the fifth habeas action, was ineffective for failing to allege that trial counsel was ineffective for not filing a motion for competency evaluation pursuant to § 54-46d. The petitioner's allegation that his fourth habeas counsel failed to raise such a claim fails as that claim was, in fact, raised by his fourth habeas counsel in the fifth habeas action. Thus, we conclude that the habeas court properly dismissed the count against fourth habeas counsel on the alternative ground that it fails to state a claim upon which relief can be granted. See *Mejia* v. *Commissioner of Correction*, supra, 98 Conn. App. 197–98.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The habeas court granted the petitioner's petition for certification to appeal. See General Statutes § 52-470 (g).

[2] The petitioner's first habeas action was *Johnson* v. *Warden*, Superior Court, Docket No. CV–98-0002729 (April 27, 1999) (1997 WL 413047), in which he alleged that his right to receive visitors at the prison had been denied. The petition was dismissed for lack of jurisdiction. Id. Nevertheless, the amended petition dated November 14, 2014, at issue in the present case, describes the petitioner's second habeas action as the first action and refers to counsel in that case as the first habeas counsel. Thus, for the sake of simplicity, we will do the same.

[3] Previously, the petitioner, acting as a self-represented party, had filed a petition for a writ of habeas corpus on May 16, 2008, which the habeas court, *Schuman, J.*, dismissed as successive. See *Johnson* v. *Commissioner of Correction*, 121 Conn. App. 441, 442, 996 A.2d 319 (2010). The petitioner, represented by Patel, appealed the dismissal, and this court reversed the judgment and remanded the matter for further proceedings on June 1, 2010. Id. Again, for simplicity's sake, we do not count the May 16, 2008 petition in the count of the total number of habeas petitions the petitioner has filed.

[4] The respondent argued in the memorandum of law accompanying its motion to dismiss that the sixth petition failed to state a claim upon which relief could be granted because the petitioner did not have a right to effective assistance of habeas counsel in the fifth habeas action. Whether a habeas petitioner has the right to effective assistance of counsel in a "habeas on a habeas" currently is being litigated before our Supreme Court in *Kaddah* v. *Commissioner of Correction*, SC 19512.

[5] Although the petitioner states in his brief that the habeas court dismissed the sixth petition on the ground of res judicata, he argues that "by dismissing the habeas case without an evidentiary hearing it agreed [with] the [respondent's] claim that pursuant to Practice Book § 23-29 (3) the November 14, 2014 petition . . . constitute[s] a successive petition." Because the habeas court granted the respondent's motion to dismiss on the ground of res judicata, we will not address the petitioner's argument that said dismissal necessarily constituted an acceptance of the respondent's successive petition argument in its motion to dismiss.

[6] "It is axiomatic that we may affirm a proper result of the trial court for a different reason." (Internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, 111 Conn. App. 138, 140 n.1, 958 A.2d 790 (2008), cert. denied, 290 Conn. 905, 962 A.2d 793 (2009). The petitioner makes the novel, but unpersuasive, argument that we cannot address alternative grounds for affirmance because the respondent failed to raise those grounds "at trial in violation of Practice Book § 60-5," which states, in relevant part,

that "[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial." The term "grounds" is not equivalent to the term "claim." We conclude that the petitioner misconstrues the law when he equates affirmance on alternative grounds with this court's considering an unpreserved claim. The respondent is not raising claims for appellate review; it is the claims of the petitioner that are at stake here. Simply raising alternative legal theories upon which we may affirm the judgment does not constitute request for review of an unpreserved claim that we are not bound to consider. See Practice Book § 60-5.

[7] In fact, the petitioner has acknowledged that the "new" facts he intended to present in support of the sixth habeas petition were available to him at the time of the fifth habeas proceeding.

[8] Dismissal of a claim on alternative grounds is proper when those grounds present pure questions of law, the record is adequate for review, and the petitioner will suffer no prejudice because he has the opportunity to respond to proposed alternative grounds in the reply brief. *State* v. *Martin M.*, 143 Conn. App. 140, 151–53, 70 A.3d 135 (2013).