******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# VANCE JOHNSON *v.* COMMISSIONER OF CORRECTION
## (AC 39946)

DiPentima, C. J., and Bright and Flynn, Js.

*Syllabus*

The petitioner, who had been convicted of murder and, on a guilty plea, of criminal possession of a firearm, filed a seventh petition for a writ of habeas corpus, claiming that he did not understand the criminal trial proceedings in court, was confused due to his mental state, and felt that the circumstances of his mental condition at the time of his criminal proceedings should have been taken into consideration by the trial court. The habeas court rendered judgment dismissing the habeas petition, concluding that it presented the same ground challenging his competency at the time of the underlying trial as alleged in two prior petitions that previously had been denied, and that it failed to state new facts or to proffer new evidence not reasonably available at the time of the prior petitions. Thereafter, the habeas court denied the petition for certification, and the petitioner appealed to this court. *Held* that the habeas court did not abuse its discretion in denying the petition for certification to appeal; because the petitioner, on appeal, did not address the issues set forth in the petition for certification to appeal and, in the statement of issues in his appellate brief, addressed only the issue of whether the habeas court improperly concluded that he received effective assistance of habeas and trial counsel, which conclusion was never made by the habeas court, there was no basis to conclude that the habeas court abused its discretion in denying the petition for certification to appeal with respect to an issue that it never considered.

Argued March 5—officially released May 1, 2018

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Oliver, J.*; judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Kinga A. Kostaniak*, assigned counsel, for the appellant (petitioner).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, was *Gail P. Hardy*, state's attorney, for the appellee (respondent).

*Opinion*

BRIGHT, J. The petitioner, Vance Johnson, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his seventh petition for a writ of habeas corpus. In his habeas petition, the petitioner alleged that his conviction is illegal because he did not understand, due to his compromised mental state, what was occurring when he pleaded guilty to one charge and then proceeded to trial on a second charge. The habeas court sua sponte dismissed the petition because it raised the same ground as two prior petitions that had been denied, and it failed to state new facts or to proffer new evidence not reasonably available at the time of the prior petitions. On appeal, the petitioner claims that the habeas court abused its discretion in denying the petition for certification to appeal because he has a meritorious claim that his prior habeas counsel was ineffective. The respondent, the Commissioner of Correction, argues that the issue raised on appeal is not reviewable because the petitioner did not raise it in his habeas petition or in his petition for certification. We agree and, therefore, dismiss the appeal.

The following facts and procedural history are relevant to our review. "On August 29, 1994, the petitioner was charged with murder in violation of General Statutes (Rev. to 1993) § 53a-54a and with criminal possession of a firearm in violation of General Statutes (Rev. to 1993) § 53a-217. On December 9, 1996, the petitioner pleaded guilty to the charge of criminal possession of a firearm and received a sentence of five years incarceration in the custody of the respondent. At a subsequent jury trial, in which he was represented by [Attorney] Fred DeCaprio (trial counsel), the petitioner was convicted of murder and sentenced to sixty years incarceration, to run concurrently with the sentence on the firearm charge for a total effective sentence of sixty years of imprisonment. The petitioner's murder conviction was affirmed on direct appeal in *State* v. *Johnson*, 53 Conn. App. 476, 733 A.2d 852, cert. denied, 249 Conn. 929, 733 A.2d 849 (1999)." *Johnson* v. *Commissioner of Correction*, 168 Conn. App. 294, 296, 145 A.3d 416, cert. denied, 323 Conn. 937, 151 A.3d 385 (2016).

Although the current appeal concerns the petitioner's seventh habeas corpus petition, the history regarding the fifth and sixth petitions is relevant to provide the necessary context to this appeal. "On March 21, 2011, the petitioner, represented by Laljeebhai R. Patel (fourth habeas counsel), filed a fifth habeas petition, alleging that his second habeas counsel provided ineffective assistance by failing to allege in the second habeas action that his first habeas counsel rendered ineffective assistance for failing to allege that trial counsel was ineffective 'at the petitioner's plea on the weapons charge and at the murder trial for failing to

investigate . . . the [petitioner's] incompetence at plea and trial' and 'failing to present the claim of the petitioner's incompetence at plea and at trial.' Following the testimony of trial counsel, first habeas counsel and second habeas counsel, the fifth habeas court denied the petition for a writ of habeas corpus, finding the petitioner's claim that his trial counsel had provided ineffective assistance meritless as 'there had never been "a question in anyone's mind" as to the petitioner's competency at the time of his trial.' *Johnson* v. *Commissioner of Correction*, 144 Conn. App. 365, 368, 73 A.3d 776, cert. denied, 310 Conn. 918, 76 A.3d 633 (2013). The fifth habeas court further determined that ' "there is no possibility . . . that [the petitioner] was incompetent. There isn't even a hint of it." ' Id.

"The petitioner filed a petition for certification to appeal from that decision, which the fifth habeas court granted. Id., 369. On appeal, this court noted that the claims in the fifth petition 'were based upon . . . trial counsel's alleged failure to request a competency examination pursuant to General Statutes § 54-56d and the failure of [the petitioner's] two prior habeas attorneys to allege ineffectiveness by their predecessors in prior trial and habeas corpus proceedings.' . . . Id., 367–68. We affirmed the fifth habeas court's conclusion that the petitioner failed to prove that his trial counsel rendered ineffective assistance. Id., 371. We further affirmed the judgment in regard to the claims against the first and second habeas counsel because, as a result of the determination that '[trial counsel] did not render ineffective assistance in failing to request a competency evaluation,' the petitioner could not as a matter of law prove prejudice resulting from the first and second habeas counsel's alleged failure to raise a claim against trial counsel on that ground. Id., 369 n.2. Our Supreme Court denied the petitioner's petition for certification to appeal from this court's judgment. *Johnson* v. *Commissioner of Correction*, 310 Conn. 918, 76 A.3d 633 (2013).

"On July 22, 2013, the self-represented petitioner filed a sixth habeas petition . . . . On November 14, 2014, the petitioner filed [another] amended petition (sixth petition), claiming ineffective assistance of the first, second, third, and fourth habeas counsel for failing to allege in their respective prior habeas petitions that trial counsel was ineffective for failing to file a motion for competency evaluation pursuant to § 54-56d at or before the time of the petitioner's plea on the firearm charge, at or before sentencing on the firearms charge, at or before the jury trial for murder, at or before sentencing on the murder conviction, and after sentencing for murder for discovery of evidence that trial counsel failed to investigate by way of petition for a new trial." (Footnote omitted.) *Johnson* v. *Commissioner of Correction*, supra, 168 Conn. App. 299–301.

The habeas court dismissed the sixth petition in its

entirety on the ground of res judicata. This court affirmed the decision of the habeas corpus holding that the claims as to first and second habeas counsel were precluded by res judicata, the claims as to third habeas counsel were barred by collateral estoppel, and the claim as to fourth habeas counsel failed to state a claim upon which relief could be granted. Id., 308, 312–13.

On October 20, 2016, the petitioner filed his seventh habeas corpus petition, which is the subject of this appeal. In his petition, the petitioner claimed that he did not understand the criminal trial proceedings in court, was confused due to his mental state, and felt that the circumstances of his mental condition at the time of his criminal proceedings should have been taken into consideration, but were disregarded by the trial court. The petitioner requested that he be released or that his sentence be modified.

On November 15, 2016, before counsel had been appointed to represent the petitioner, the court, *Oliver*, *J.*, sua sponte, rendered a judgment dismissing the petition pursuant to Practice Book § 23-29 (3) because it presents "the same ground, challenging his competency at the time of the underlying trial, as two prior petitions previously denied (his fourth and fifth of six prior petitions)[1] and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition."

The petitioner filed a petition for certification to appeal on November 29, 2016, which the habeas court denied on December 6, 2016. The petition for certification identified three grounds for appeal: (1) whether the habeas court erred in dismissing the petition when the petition raised the new ground that the petitioner was incompetent to stand trial; (2) whether the habeas court erred in dismissing the petition without taking into consideration the standard set forth in *Haines* v. *Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), for interpreting pro se complaints;[2] and (3) whether the court erred in not allowing the petitioner to present new facts in support of his claim that he was incompetent at the time of his criminal trial. In his application for waiver of fees and costs, which the petitioner incorporated by reference into his petition for certification, the petitioner identified his proposed grounds for appeal as follows: "*The petitioner never raised the issue that the trial court disregarded his psychological condition.* All prior petitions [have] been raised on ineffective assistance of counsel." (Emphasis in original.) The petitioner also noted that he attached a report of a doctor in support of his claim. Additional facts will be set forth as necessary.

We begin with the standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satis-

fying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, [the petitioner] must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . To prove that the denial of his petition for certification to appeal constituted an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification." (Citations omitted; internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, 169 Conn. App. 813, 821–22, 153 A.3d 8 (2016), cert. denied, 325 Conn. 904, 156 A.3d 536 (2017). We review, however, only the merits of the claims specifically set forth in the petition for certification.

"This court has declined to review issues in a petitioner's habeas appeal in situations where the habeas court denied certification to appeal and the issues on appeal had not been raised in the petition for certification. See, e.g., *Blake* v. *Commissioner of Correction*, 150 Conn. App. 692, 696–97, 91 A.3d 535, cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014). A habeas petitioner cannot establish that the habeas court abused its discretion in denying certification on issues that were not raised in the petition for certification to appeal.

"In *Stenner* v. *Commissioner of Correction*, 144 Conn. App. 371, 373, 71 A.3d 693, cert. denied, 310 Conn. 918, 76 A.3d 633 (2013), this court declined to review the petitioner's claim that the habeas court abused its discretion in denying his petition for certification to appeal. The petitioner in *Stenner* argued on appeal that the habeas court abused its discretion in denying his petition for certification because his trial counsel rendered ineffective assistance. Id., 374. The petitioner's application for waiver of fees, costs and expenses and appointment of counsel on appeal, however, cited "'[c]onfrontation [clause] violated pursuant to 6th

amendment' " as his ground for appeal. Id. The court in *Stenner* concluded that the petitioner could not demonstrate that the habeas court had abused its discretion in denying the certification petition on the basis of issues that were not actually raised in the petition for certification to appeal. Id., 374–75.

"The petitioner in *Campbell* v. *Commissioner of Correction*, 132 Conn. App. 263, 31 A.3d 1182 (2011), similarly failed to raise the claims that he alleged on appeal in his petition for certification, and so the court declined to afford them appellate review and dismissed his appeal. In that case, '[t]he petitioner's petition for certification to appeal cited "[s]entencing procedures" as the basis for which he sought review. The petition did not include [the] claims [raised on appeal] relating to the court's dismissal of habeas counsel's motion to withdraw, or any claims regarding ineffective assistance of counsel or conflict of interest.' Id., 267. This court determined that '[u]nder such circumstances, the petition for certification to appeal could not have apprised the habeas court that the petitioner was seeking certification to appeal based on such issues. . . . A review of such claims would amount to an ambuscade of the [habeas] judge.' . . . Id." (Citation omitted.) *Kowalyshyn* v. *Commissioner of Correction*, 155 Conn. App. 384, 390, 109 A.3d 963, cert. denied, 316 Conn. 909, 111 A.3d 883 (2015).

In the present case, the issues identified by the petitioner in his petition for certification all relate to his claim that he was not competent to stand trial. He claimed that the court erred in dismissing his petition because the issue of his competency was never addressed in his prior petitions and because he has new facts to present regarding his claim. The petitioner further distinguished his claim in this petition from his prior petitions by arguing that his prior petitions all related to ineffective assistance of counsel, not to the trial court's disregard of his psychological condition.

On appeal, the petitioner does not address the issues set forth in the petition for certification. Instead, he argues that the trial court abused its discretion when it denied his petition for certification because he has a viable claim that he was denied the effective assistance of counsel in connection with his sixth habeas petition. In fact, the petitioner's statement of issues in his appellate brief identifies the only substantive issue as: "Did the habeas court improperly conclude that the petitioner received effective assistance of habeas counsels and trial counsel." The problem for the petitioner is that the habeas court never reached such a conclusion, and the petitioner did not make such a claim in his petition for certification to appeal. There is no basis for us to conclude, therefore, that the habeas court abused its discretion in denying his petition for certification to appeal on an issue it never considered.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] We note that Judge Oliver apparently misspoke when he referenced the fourth habeas petition, as the petitioner had sought, in that petition, to have his rights to sentence review restored. As set forth previously in this opinion, issues relating to the petitioner's competency were raised in the fifth and sixth petitions.

[2] In *Haines*, the United States Supreme Court addressed the question of whether the pro se inmate's civil complaint alleged sufficient facts to survive a motion to dismiss. In reversing the United States Court of Appeals for the Seventh Circuit's affirmance of the District Court's judgment dismissing the complaint, the Supreme Court held that, "[w]e cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Emphasis omitted; internal quotation marks omitted.) *Haines* v. *Kerner*, supra, 404 U.S. 520–21.