JAMES DAVIS *v.* COMMISSIONER OF CORRECTION
(AC 29588)

Gruendel, Alvord and Borden, Js.

Argued September 10—officially released October 27, 2009

*Charles F. Willson*, special public defender, for the appellant (petitioner).

*Erika L. Brookman*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Warren Maxwell*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, James Davis, appeals[1] from the judgment of the habeas court denying his petition for a writ of habeas corpus. He claims that the court improperly dismissed his claims of ineffective assistance of counsel. We affirm the judgment of the habeas court.

[1] The habeas court granted certification to appeal.

The following facts and procedural history are relevant. The petitioner was convicted after a jury trial of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) and sentenced to twelve years incarceration.[2] The petitioner's conviction was affirmed on direct appeal. *State* v. *Davis*, 33 Conn. App. 915, 635 A.2d 885 (1993), cert. denied, 228 Conn. 924, 638 A.2d 38 (1994). Thereafter, the petitioner filed this amended petition for a writ of habeas corpus alleging prosecutorial misconduct and ineffective assistance of trial and appellate counsel. The petitioner had been represented by attorney John Stawicki at trial and on appeal. He claimed that Stawicki was generally unprepared for trial and made several errors.[3] He also claimed that Stawicki's appellate performance was ineffective because Stawicki had failed to raise on appeal the issue of prosecutorial misconduct. The habeas court denied his petition. The court determined that procedural default prevented review of his prosecutorial misconduct claim and found no evidence of prejudice with respect to either of his ineffective assistance of counsel claims. This appeal followed.

The petitioner claims that the court improperly determined that his counsel was effective. More specifically, he asserts that the judgment of the court should be reversed because its determination that his attorney was prepared adequately rested on a misapprehension of fact.

On the basis of the testimony presented during the habeas hearing, the court found that Stawicki represented the petitioner on all four robbery charges. In

---

[2] At the time of his trial, the petitioner already was serving consecutive sentences totaling sixty-six years on three other robbery charges that involved some of the same witnesses, including the state's key witness, Dani Carlson. Carlson testified in all four trials.

[3] The petitioner claims that Stawicki failed to obtain the files, including Dani Carlson's testimony, from the petitioner's three previous trials; relied on the "open file" policy of the state's attorney's office instead of making

fact, Stawicki provided representation to the petitioner with respect to only the fourth robbery charge, namely, the charge at issue in the present case. He had no connection with the other three trials. The petitioner argues that the court's misunderstanding of his attorney's involvement in his three previous robbery prosecutions undermines its conclusion that his attorney performed reasonably. In essence, the petitioner contends that the court's mistaken belief that Stawicki had represented him on three prior occasions caused it to credit Stawicki with a broader understanding of the petitioner's case than he actually had and led the court to determine that Stawicki's trial performance was sufficient. He urges this court to reevaluate the adequacy of his counsel's performance.[4]

"A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Citation omitted; internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 77, 967 A.2d 41

discovery requests; ineffectively cross-examined Carlson; and failed to seek a plea agreement.

[1] "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Necaise* v. *Commissioner of Correction*, 112 Conn. App. 817, 820, 964 A.2d 562, cert. denied, 292 Conn. 911, 973 A.2d 660 (2009).

(2009). Moreover, when a petitioner is claiming ineffective assistance of appellate counsel, he must establish "that there is a reasonable probability that but for appellate counsel's error, the petitioner would have prevailed in his direct appeal." *Charles* v. *Commissioner of Correction*, 112 Conn. App. 349, 351, 962 A.2d 868, cert. denied, 290 Conn. 922, 966 A.2d 235 (2009), citing *Small* v. *Commissioner of Correction*, 286 Conn. 707, 721–24, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008).

Although the petitioner acknowledges that the court rendered its decision based solely on a finding of no prejudice, he does not challenge that portion of the court's holding. Because he does not provide any indication that his attorney's allegedly deficient performance altered the outcome of his criminal trial or his direct appeal, the petitioner's claim fails under the second prong of *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (requiring habeas petitioner to establish both deficient performance by trial counsel and that deficient performance prejudiced defense).[5] Accordingly, we affirm the judgment of the habeas court and do not address the adequacy of Stawicki's performance or the court's findings thereon.

The judgment is affirmed.

---

[5] The petitioner's conclusory statements that but for the actions of counsel, the outcome of his criminal trial and appeal would have been different do not satisfy the prejudice prong of *Strickland*.