******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# KACEY LEWIS *v.* COMMISSIONER OF CORRECTION
## (AC 43381)

Suarez, Clark and Pellegrino, Js.

*Syllabus*

The self-represented petitioner, who had been convicted of the crimes of kidnapping in the first degree, assault in the third degree, interfering with an officer, and possession of narcotics, sought a writ of habeas corpus. His amended petition set forth seven grounds of alleged error. Grounds I through VI alleged that, at his criminal trial, his constitutional rights to a fair trial, to present a defense, to represent himself, and to counsel were violated and that the prosecutor violated the disclosure requirements of *Brady* v. *Maryland* (373 U.S. 83). Ground VII alleged that the petitioner's appellate counsel, D, provided ineffective assistance during his direct appeal by raising only one claim, namely, that the evidence adduced at trial was insufficient to support the petitioner's conviction of kidnapping in the first degree under *State* v. *Salamon* (287 Conn. 509). The habeas court dismissed grounds I through VI of the amended petition, concluding that the petitioner's claims were procedurally defaulted because he failed to present any evidence, other than his own self-serving testimony, to show cause for failing to raise the claims on direct appeal and to establish that he was prejudiced by the alleged violations of his constitutional rights. The habeas court denied ground VII of the amended petition, concluding that the petitioner failed to establish that D's performance was deficient or that the petitioner suffered any prejudice as a result of D's representation. The petitioner filed a petition for certification to appeal from the judgment of the habeas court with respect only to the issue of whether his constitutional right to the effective assistance of appellate counsel was violated. The habeas court denied the petition, and the petitioner appealed to this court. *Held*:

1. This court declined to review the petitioner's claims that the habeas court improperly denied his motion to sequester D, struck his motion to reconstruct and correct the record, and denied his application to issue a subpoena: an appellate court can review only the merits of the claims specifically set forth in the petition for certification to appeal, and, because the petitioner failed to include such claims in his petition, the habeas court did not have the opportunity to consider such issues in the context of a petition for certification to appeal; accordingly, such claims were not properly before this court and were not reviewable.

2. The habeas court did not abuse its discretion by denying the petition for certification to appeal its dismissal of grounds I through VI of the amended petition and its denial of ground VII of the amended petition because the petitioner failed to raise a claim that met any part of the test for certification to appeal from the denial of his petition:

   a. The habeas court properly dismissed the petitioner's claims alleged in grounds I through VI of the amended petition on the ground of procedural default: the petitioner failed to meet his burden of demonstrating that he had satisfied the cause and prejudice standard required to raise such claims in a collateral proceeding because, contrary to his assertions, he provided no specific evidence, other than his own self-serving testimony, to support his claim that he introduced sufficient evidence at the habeas trial to rebut the presumption that his counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, as he did not call D as a witness to explain why he raised only a claim of insufficient evidence in the petitioner's criminal appeal nor did he present any expert testimony or other competent evidence to demonstrate that D's representation was deficient as a result of his failure to raise the claims alleged in grounds I through VI of the petitioner's amended petition.

   b. The habeas court did not err by denying ground VII of the petitioner's amended petition: the petitioner failed to adequately brief his claim because, although his principal appellate brief contained a litany of errors that D allegedly committed with respect to the petitioner's criminal appeal, he did not provide any legal analysis regarding how the habeas

court erred with respect to those claims, and his self-represented status did not excuse such failure; moreover, the petitioner's attempt to remedy his failure by providing supplemental information in his reply brief was inadequate because such arguments could not be raised for the first time in a reply brief; furthermore, the petitioner failed to demonstrate that the habeas court's finding that he failed to provide evidence, beyond his own self-serving, conclusory testimony, that D provided ineffective assistance was clearly erroneous, as the petitioner failed to call D as a witness or to present expert testimony to demonstrate that D's representation fell below an objective standard of reasonableness.

Argued October 20, 2021—officially released March 8, 2022

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Newson, J.*; judgment dismissing in part and denying in part the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Kacey Lewis*, self-represented, the appellant (petitioner).

*Margaret Gaffney Radionovas*, special deputy assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Jo Anne Sulik* and *David A. Gulick*, senior assistant state's attorneys, for the appellee (respondent).

*Opinion*

CLARK, J. The self-represented petitioner, Kacey Lewis, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing in part and denying in part his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion by (1) denying his motion to sequester a subpoenaed witness, (2) striking his motion to reconstruct and correct the record, (3) denying his request to issue a subpoena, (4) dismissing in part and denying in part his amended petition for a writ of habeas corpus, and (5) denying his petition for certification to appeal. We dismiss the appeal.

The following facts are relevant to our resolution of the petitioner's appeal. The petitioner represented himself at the criminal trial.[1] On December 11, 2009, a jury found him guilty of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), assault in the third degree in violation of General Statutes § 53a-61 (a) (1), interfering with an officer in violation of General Statutes § 53a-167a (a), and possession of narcotics in violation of General Statutes § 21a-279 (a).[2] See *State* v. *Lewis*, 148 Conn. App. 511, 512, 84 A.3d 1238, cert. denied, 311 Conn. 940, 89 A.3d 349 (2014), cert. denied, 574 U.S. 854, 135 S. Ct. 132, 190 L. Ed. 2d 101 (2014). The petitioner's convictions arose out of events that took place in Waterbury on the evening of July 20, 2009. Id. At that time, the petitioner and his then girlfriend, Alana Thompson (victim), were driving "around the streets of Waterbury trying to sell heroin." Id. Later in the evening, the two had a disagreement, and the petitioner assaulted and kidnapped the victim in an attempt to force her into his vehicle. Id., 513–14. The petitioner released the victim when two plain-clothes police officers arrived at the scene. Id., 514. As a result of his convictions, the trial court, *Schuman, J.*, sentenced the petitioner to a total effective sentence of twenty-five years of incarceration, execution suspended after fifteen years, and five years of probation. Id.

The petitioner appealed from the judgment of conviction, and Attorney Christopher Duby was appointed to represent him. On direct appeal, Duby raised one claim, to wit: the evidence adduced at trial was insufficient to support the petitioner's conviction of kidnapping in the first degree under *State* v. *Salamon*, 287 Conn. 509, 949 A.2d 1092 (2008). See *State* v. *Lewis*, supra, 148 Conn. App. 512. This court affirmed the judgment of conviction; id., 517; and our Supreme Court denied certification to appeal. *State* v. *Lewis*, 311 Conn. 940, 89 A.3d 349 (2014), cert. denied, 574 U.S. 854, 135 S. Ct. 132, 190 L. Ed. 2d 101 (2014).

On December 24, 2014, the self-represented petitioner

filed a petition for a writ of habeas corpus. On September 10, 2015, he filed a 100 page document that the habeas court referred to as an amended petition for a writ of habeas corpus (amended petition). The amended petition contained seven claims denominated as grounds I through VII; each ground contained subparts. Grounds I through VI alleged constitutional claims of juridical error and a violation of *Brady* v. *Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), that allegedly occurred at the criminal trial.[3] Ground VII alleged that Duby's representation on the criminal appeal was ineffective and that such representation prejudiced the petitioner.[4]

On October 4, 2016, the respondent, the Commissioner of Correction, filed a return in which he denied the petitioner's claims and pleaded numerous affirmative defenses, including that the petitioner's claims, with the exception of the ineffective assistance of appellate counsel claim, were in procedural default. On February 23, 2017, the petitioner responded to the allegations of procedural default by amending grounds I though VI. He also denied that his claims were in procedural default and pleaded allegations to establish cause and prejudice.

The petitioner represented himself at the habeas trial that was held on August 22, 2018, and February 28, 2019. The petitioner testified on his own behalf but called no other witnesses. The habeas court, *Newson, J.*, issued a memorandum of decision on May 17, 2019. In its decision, the court first noted that the respondent had raised the affirmative defense of procedural default to many of the petitioner's claims and that Connecticut has adopted the procedural default standard used by the federal courts. "Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . . The cause and prejudice requirement is not jurisdictional in nature, but rather a prudential limitation on the right to raise constitutional claims in collateral proceedings. . . . The prudential considerations underlying the procedural default doctrine are principally intended to vindicate two concerns: federalism/comity and finality of judgments." (Citations omitted; internal quotation marks omitted.) *Hinds* v. *Commissioner of Correction*, 321 Conn. 56, 71, 136 A.3d 596 (2016).

The habeas court found that in grounds I and II of the amended petition, the petitioner alleged certain defects in the rulings of the trial court, including that he was deprived of a fair trial because the court denied

his requests for the appointment of an investigator and an expert witness and denied him a writing instrument so that he could take notes during the trial. The petitioner also alleged that several of the trial court's evidentiary rulings interfered with his right to present a defense, such as prohibiting him from introducing the victim's signed statement while he was cross-examining her and failing to hold a hearing to investigate the petitioner's claims that judicial marshals allegedly had confiscated his defense strategy materials.

The court stated that the petitioner's claims of interference with his right to a fair trial, to confront witnesses, and to present a defense were of constitutional magnitude; see *State* v. *Holley*, 327 Conn. 576, 593, 175 A.3d 514 (2018) (rights to confront witnesses against defendant and to present defense are guaranteed by sixth amendment to United States constitution); and that they could have been, and should have been, raised on direct appeal.

The court also found that, other than his own self-serving and conclusory testimony, the plaintiff offered no evidence to explain why those constitutional claims were not raised on direct appeal or to establish that he had been prejudiced in any way. Although Duby was in the courtroom during the habeas trial, the petitioner did not call him as a witness. The court stated that, although it is not necessary in every case to call prior counsel as a witness to establish ineffective representation, some evidence of counsel's decision-making process is usually required to overcome the presumption that counsel's decisions were made on the basis of sound legal strategy. See *Boyd* v. *Commissioner of Correction*, 130 Conn. App. 291, 298, 21 A.3d 969 ("[i]t is well established that [a] reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance and that a tactic that appears ineffective in hindsight may have been sound trial strategy at the time" (internal quotation marks omitted)), cert. denied, 302 Conn. 926, 28 A.3d 337 (2011).

With respect to ground III of the amended petition, the court found that the petitioner alleged that his right to self-representation was violated when he was excluded from a bench conference involving the prosecutor and standby counsel, that standby counsel interfered in his rights to self-representation and to present a defense, and that judicial marshals confiscated his defense strategy materials. The court stated that, because the right to self-representation is one of constitutional magnitude, the petitioner's claims should have been raised before the trial court and on direct appeal. The court, quoting *State* v. *Webb*, 238 Conn. 389, 427, 680 A.2d 147 (1996), noted that "[t]he right to appear [as a self-represented party] exists to affirm the dignity and autonomy of the accused and to allow the presenta-

tion of what may, at least occasionally, be the accused's best possible defense. . . . It is also consistent with the ideal of due process as an expression of fundamental fairness. To force a lawyer on a defendant can only lead him to believe that the law contrives against him." (Citation omitted; internal quotation marks omitted.) The court concluded that the petitioner had failed to present any evidence, other than his own self-serving testimony, to show cause for failing to raise grounds I, II, and III on direct appeal and to establish that he was prejudiced by the alleged violations of his constitutional rights.[5]

The habeas court found that ground IV of the amended petition alleged that the state violated the petitioner's rights to due process and a fair trial by withholding certain photographs of the victim and by failing to disclose timely the criminal records of several witnesses who testified at trial in violation of *Brady* v. *Maryland*, supra, 373 U.S. 83. The court noted that, as a rule, due process requires the state to disclose exculpatory information to a defendant in a timely manner. See *State* v. *Pollitt*, 199 Conn. 399, 414, 508 A.2d 1 (1986) (under *Brady*, evidence required to be disclosed must be disclosed in time for effective use at trial; delayed disclosure of exculpatory material by prosecution, however, is not per se reversible error). The habeas court again found that the petitioner had failed to present any evidence to justify " 'cause' " for not having raised the *Brady* claims on direct appeal and to overcome the presumption that Duby made a reasoned decision not to pursue a *Brady* claim on direct appeal. See *Boyd* v. *Commissioner of Correction*, supra, 130 Conn. App. 297–98. The petitioner also failed to present any evidence of prejudice. See *Hinds* v. *Commissioner of Correction*, supra, 321 Conn. 71 (noting our Supreme Court's adoption of cause and prejudice standard).

Ground V of the amended petition alleged that, during the course of the criminal proceedings, several judges failed to canvass the petitioner pursuant to Practice Book § 44-3[6] regarding his decision to represent himself. The petitioner specifically claimed that no court canvassed him to ensure that he was aware that he faced a ten year mandatory, minimum prison sentence if he were convicted of kidnapping in the first degree.[7] The habeas court noted that the claim is one of constitutional magnitude; see *State* v. *Braswell*, 318 Conn. 815, 828–29, 123 A.3d 835 (2015) (waiver of right to counsel must be knowing and voluntary); and that the petitioner did not raise it at trial or on direct appeal. The court again found that the petitioner had failed to present any evidence to justify cause for not having raised those claims on direct appeal or to overcome the presumption that not pursuing them on direct appeal was the result of Duby's reasoned legal decision. The petitioner also failed to present any evidence to support his claim that he was prejudiced by Duby's representation.

In ground VI, the petitioner alleged that his right to self-representation was impeded when the court failed to provide him with adequate time to prepare for trial. The habeas court once more found that the petitioner had failed to present any evidence as to the cause for his failure to raise this claim on direct appeal. The court therefore concluded that the claim was procedurally defaulted.

In summary, the habeas court dismissed grounds I through VI of the amended petition because the claims were procedurally defaulted. See *Hinds* v. *Commissioner of Correction*, supra, 321 Conn. 71 (describing requirements of cause and prejudice standard).

In ground VII of the amended petition, the petitioner alleged that Duby's representation was ineffective because, on direct appeal, he failed to raise any of the claims alleged in grounds I through VI of the amended petition. The habeas court determined that the claim failed for lack of evidence. The petitioner was the only witness to testify in this matter. Duby was present in the courtroom on the second day of trial, but the petitioner chose not to call him as a witness.

The court set forth the legal standard applicable to claims of ineffective assistance of appellate counsel. "[W]hen a petitioner is claiming ineffective assistance of appellate counsel, he must establish that there is a reasonable probability that but for appellate counsel's error, [he] would have prevailed in his direct appeal." (Internal quotation marks omitted.) *Davis* v. *Commissioner of Correction*, 117 Conn. App. 737, 740, 980 A.2d 933 (2009), cert. denied, 294 Conn. 923, 985 A.2d 1062 (2010). Moreover, it is the petitioner's obligation to present evidence to support a claim of ineffective assistance of appellate counsel. See *Nieves* v. *Commissioner of Correction*, 51 Conn. App. 615, 622–24, 724 A.2d 508, cert. denied, 248 Conn. 905, 731 A.2d 309 (1999). "[W]hen analyzing a claim of ineffective assistance, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. . . . As with any refutable presumption, the petitioner may rebut the presumption on adequate proof of sufficient facts indicating a less than competent performance by counsel." (Citation omitted; internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, 83 Conn. App. 543, 551, 851 A.2d 313, cert. denied, 271 Conn. 914, 859 A.2d 569 (2004).

The court found that the only evidence the petitioner presented with respect to Duby's performance was his own self-serving conclusions that certain issues should have been raised on direct appeal. The petitioner offered no evidence, however, with respect to the strategic basis for Duby's decisions or the probability that any of the issues alleged would have changed the out-

come of his direct appeal. The court concluded that ground VII failed because the petitioner failed to establish that Duby's performance was deficient or that the petitioner suffered any prejudice as a result of Duby's representation. Consequently, the court denied ground VII of the amended petition.

On the basis of its conclusions regarding the allegations of the amended petition, the court rendered judgment dismissing in part and denying in part the amended petition.

On May 21, 2019, the petitioner filed a petition for certification to appeal from the judgment of the habeas court as to the following legal issues: "Whether the petitioner's constitutional right to the effective assistance of appellate counsel was violated; and . . . [s]uch other errors as are revealed upon a review of the transcripts and record."[8] The habeas court denied the petition for certification to appeal on May 22, 2019.

On May 31, 2019, the petitioner filed an application for waiver of fees, costs and expenses.[9] On June 20, 2019, the court found that the petitioner was indigent and granted his application for waiver of fees and costs. In accordance with the petitioner's request, the court did not appoint counsel for the petitioner. The petitioner filed the present appeal on September 10, 2019.

In his principal brief on appeal, the petitioner identified the following claims for review: the habeas court (1) abused its discretion by denying his motion to sequester Duby, (2) erred by striking his motion to reconstruct and correct the record, (3) abused its discretion by denying his application to issue a subpoena, (4) abused its discretion by dismissing in part and denying in part the amended petition, and (5) abused its discretion by denying the petitioner's petition for certification to appeal. In his brief, the respondent has argued that the petitioner's first three claims are not reviewable because the petitioner failed to include them in his petition for certification to appeal. With respect to the petitioner's other claims, the respondent argued that they were inadequately briefed and that the petitioner failed to demonstrate that Duby rendered ineffective assistance. Thereafter, the petitioner filed a reply brief with an appendix of more than 500 pages in which he sought to remedy the deficiencies in his principal brief that were pointed out by the respondent.

"We begin by setting forth the applicable standard of review and procedural hurdles that the petitioner must surmount to obtain appellate review of the merits of a habeas court's denial of the habeas petition following denial of certification to appeal. In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), [our Supreme Court] concluded that . . . [General Statutes] § 52-470 (b)[10] prevents a reviewing court from hearing the merits of a habeas appeal following the

denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), [our Supreme Court] incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Emphasis in original; footnote added; internal quotation marks omitted.) *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 214–15, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013). We now turn to the petitioner's claims.

I

The petitioner claims that the habeas court improperly (1) denied his motion to sequester Duby, (2) struck his motion to reconstruct and correct the record, and (3) denied his application to issue a subpoena. The respondent argues that those claims are not reviewable because the petitioner failed to list them in his petition for certification to appeal. We agree with the respondent.

"[Section] 52-470 (g) provides: No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies.

"As our Supreme Court has explained, one of the goals our legislature intended by enacting this statute was to limit the number of appeals filed in criminal cases and hasten the final conclusion of the criminal justice process . . . . [T]he legislature intended to discourage frivolous habeas appeals. . . . [Section] 52-470 (b)[11] acts as a limitation on the scope of review,

and not the jurisdiction, of the appellate tribunal." (Footnote in original; internal quotation marks omitted.) *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 414, 236 A.3d 276, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020).

An appellate court, however, reviews only "the merits of the claims specifically set forth in the petition for certification." *Johnson* v. *Commissioner of Correction*, 181 Conn. App. 572, 578, 187 A.3d 543, cert. denied, 329 Conn. 909, 186 A.3d 13 (2018). "This court has declined to review issues in a petitioner's habeas appeal in situations where the habeas court denied certification to appeal and the issues on appeal had not been raised in the petition for certification." (Internal quotation marks omitted.) Id.

The standard of review of "an appeal following the denial of a petition for certification to appeal from the judgment [disposing of] a petition for a writ of habeas corpus is not the appellate equivalent of a direct appeal from a criminal conviction. Our limited task as a reviewing court is to determine whether the habeas court abused its discretion in concluding that the petitioner's appeal is frivolous. Thus, we review whether the issues for which certification to appeal was sought are debatable among jurists of reason, a court could resolve the issues differently or the issues are adequate to deserve encouragement to proceed further. . . . Because it is impossible to review an exercise of discretion that did not occur, we are confined to reviewing only those issues which were brought to the habeas court's attention in the petition for certification to appeal. . . .

"It is well established that a petitioner cannot demonstrate that the habeas court abused its discretion in denying a petition for certification to appeal if the issue raised on appeal was never raised before the court at the time that it considered the petition for certification to appeal as a ground on which certification should be granted." (Citation omitted; internal quotation marks omitted.) *Whistnant* v. *Commissioner of Correction*, supra, 199 Conn. App. 416.

In his petition for certification to appeal, the petitioner stated in relevant part that he was petitioning to appeal the following legal issues: "Whether the petitioner's constitutional right to the effective assistance of appellate counsel was violated; and . . . [s]uch other errors as are revealed upon a review of the transcripts and record." He made no mention in his petition of the habeas court's evidentiary rulings he now seeks to challenge on appeal. Nevertheless, in his reply brief, the petitioner claims that *Johnson* and *Whistnant* are not applicable to the present case because the habeas court actually considered whether to deny his motion to sequester Duby, to strike his motion to reconstruct and correct the record, and to deny his application to

issue a subpoena during the habeas trial. The petitioner's argument misapprehends the consideration that is relevant to a petition for certification to appeal. Although the habeas court may have considered and exercised its discretion with respect to rulings it made during the habeas trial, the court did not have an opportunity to consider those issues in the context of a petition for certification to appeal because the petitioner failed to include them in his petition. The only issue the petitioner presented for consideration by the habeas court with respect to the petition for certification to appeal was whether its denial of the petitioner's claim that his appellate counsel was ineffective should be appealed.

Because the habeas court did not have an opportunity to consider the petitioner's appellate claims that it improperly (1) denied his motion to sequester Duby, (2) struck his motion to reconstruct and correct the record and (3) denied his application to issue a subpoena, those claims are not properly before us and, therefore, are not reviewable. "A review of such claims would amount to an ambuscade of the [habeas] judge." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 181 Conn. App. 579–80. We therefore decline to review the petitioner's first three appellate claims.

II

The petitioner's second claim is that the court improperly (1) dismissed grounds I through VI of his amended petition for a writ of habeas corpus because they were procedurally defaulted and (2) denied ground VII because he failed to demonstrate that his appellate counsel rendered ineffective assistance or that he was prejudiced by appellate counsel's representation. We disagree.

A

The petitioner claims that the habeas court erred by dismissing grounds I through VI of the amended petition on the grounds of procedural default.[12] In grounds I through VI of the amended petition, the petitioner alleged that his constitutional rights to a fair trial, to present a defense, to represent himself, and to counsel were violated at the criminal trial. In addition, the petitioner alleged that the prosecutor violated *Brady* v. *Maryland*, supra, 373 U.S. 87. See footnote 3 of this opinion.

"The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot

disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . . [A] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Harris* v. *Commissioner of Correction*, 107 Conn. App. 833, 838, 947 A.2d 7, cert. denied, 288 Conn. 908, 953 A.2d 652 (2008).

"The appropriate standard for reviewability of [a procedurally defaulted claim] . . . is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . .

"Once the respondent has raised the defense of procedural default in the return, the burden is on the petitioner to prove cause and prejudice. . . . [*When*] *no evidence* [*of cause and prejudice*] *has been provided* [*to the habeas court*], [*the reviewing*] *court can independently conclude that the petitioner has failed to meet the cause and prejudice test*." (Citations omitted; emphasis added; internal quotation marks omitted.) *Council* v. *Commissioner of Correction*, 286 Conn. 477, 489–90, 944 A.2d 340 (2008).

On appeal, the petitioner claims that he demonstrated good cause for failing to raise these claims in his direct appeal because he introduced evidence at the habeas trial that was sufficient to rebut the presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. He points to no specific evidence, however, to support his position. Instead, he argues in conclusory fashion that, in light of the "compelling—uncontested testimonial and documentary evidence [he] . . . presented at the trial in [the present] case, the habeas court's finding that [he] offered no evidence, other than his own self-serving conclusory testimony is clearly an erroneous factual finding. Any plain reading of the facts in [the present] case makes it clear that the evidence [he] presented . . . was sufficient to rebut the presumption that counsel's assistance was reasonable, and that [he] was prejudiced by counsel's ineffectiveness."

The respondent contends that the habeas court properly dismissed grounds I through VI of the amended petition because the petitioner did not prove that Duby performed deficiently. The petitioner offered no evidence that the reason Duby did not raise certain claims

on appeal was attributable to anything other than Duby's reasonable professional judgment.

On the basis of our review of the record and the briefs of the parties, we conclude that the habeas court did not abuse its discretion by denying certification to appeal its dismissal of grounds I through VI of the amended petition. We agree with the habeas court that the petitioner offered no evidence to prove cause and prejudice by overcoming the presumption that Duby provided adequate representation. The petitioner did not call Duby as a witness to explain why he raised only a claim of insufficient evidence in the petitioner's criminal appeal. He presented no expert testimony or other competent evidence that Duby's representation was deficient for failing to raise the claims the petitioner alleged in grounds I through VI. The petitioner failed to carry his burden to prove cause and prejudice. The court, therefore, properly dismissed the claims alleged in grounds I through VI of the amended petition on the grounds of procedural default.

### B

The petitioner also claims that the habeas court erred by denying ground VII of his amended petition, alleging that Duby provided ineffective assistance. We do not agree.

Ground VII of the amended petition alleges that the petitioner was denied the constitutional right to the effective assistance of appellate counsel because Duby's "representation fell below the objective standard of reasonableness when [he] failed to correct substantial errors and omissions in the record, failed to raise plain error in the record and failed to raise significant obvious errors in the record and such failures . . . resulted in prejudice to the petitioner on his direct appeal . . . ."

The two-pronged test of *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), applies to claims of ineffective assistance of appellate counsel. See *Camacho* v. *Commissioner of Correction*, 148 Conn. App. 488, 494–95, 84 A.3d 1246, cert. denied, 311 Conn. 937, 88 A.3d 1227 (2014). "*Strickland* requires that a petitioner satisfy both a performance and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Davis* v. *Commissioner of Correction*, 198 Conn. App. 345, 352–53, 233 A.3d 1106, cert. denied, 335 Conn. 948, 238 A.3d 18 (2020).

"[A] court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Internal quotation marks omitted.) Id., 353. "In a habeas proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . but by demonstrable realities." (Internal quotation marks omitted.) Id., 354.

"To establish that the petitioner was prejudiced by appellate counsel's ineffective assistance, the petitioner must show that, but for the ineffective assistance, there is a reasonable probability that, if the issue were brought before us on direct appeal, the petitioner would have prevailed." Id., 354–55, quoting *Small* v. *Commissioner of Correction*, 286 Conn. 707, 728, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008).

In his appellate brief, the petitioner has argued that Duby "presented a weak—single—insufficient evidence claim on direct appeal, which had the least likelihood of succeeding, while ignoring strong claims—plain error and substantial obvious error in the record." He claimed that at the habeas trial he demonstrated that Duby was ineffective and that he was prejudiced when Duby ignored important arguable constitutional violations that are obvious from even a cursory reading of the record, i.e., the trial court erred by depriving the petitioner of investigative services, and that counsel was ineffective and the petitioner was prejudiced when Duby failed to raise confrontation violations, a *Brady* violation, and plain error and also failed to correct substantial errors and omissions in the record. Although the petitioner's principal brief contains a litany of errors Duby allegedly committed with respect to the petitioner's criminal appeal, the petitioner failed to provide any legal analysis as to how the court erred with respect to those claims.

The respondent contends that the petitioner has not adequately briefed his claims. We agree that the petitioner has not provided the type of legal analysis necessary to prevail on appeal. Although the petitioner represented himself at his criminal trial, at his habeas trial, and in the present appeal, his self-represented status does not excuse his failure to provide a factual and legal analysis as to why the habeas court erred when it denied ground VII of the amended petition. See *Turner* v. *Commissioner of Correction*, 201 Conn. App. 196, 224, 242 A.3d 512 (2020), cert. denied, 336 Conn. 945, 250 A.3d 694 (2021).

"This court has always been solicitous of the rights

of [self-represented] litigants and . . . will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. . . . Although we will not entirely disregard our rules of practice, we do give great latitude to [self-represented] litigants in order that justice may both be done and be seen to be done. . . . For justice to be done, however, any latitude given to [self-represented] litigants cannot interfere with the rights of other parties, nor can we disregard completely our rules of practice." (Internal quotation marks omitted.) *Shobeiri* v. *Richards*, 104 Conn. App. 293, 296, 933 A.2d 728 (2007).

In his reply brief, the petitioner concedes that he did not adequately brief his claims in his principal brief. He stated: "Although the [self-represented] petitioner should have more specifically complied with the technical requirements of the Connecticut Practice Book when briefing his challenge to the habeas court's rejection of his claims of ineffective assistance of appellate counsel, this court has an adequate basis on which to review the claim because the evidence is printed in the appendices to the brief(s) filed by the petitioner [in] this appeal."

We acknowledge the petitioner's status as a self-represented party, but it is not the responsibility of this court to comb the record for the petitioner and to invent arguments on his behalf. Moreover, "[i]t is . . . a well established principle that arguments cannot be raised for the first time in a reply brief. . . . [I]t is improper to raise a new argument in a reply brief, because doing so deprives the opposing party of the opportunity to respond in writing." (Citations omitted; internal quotation marks omitted.) *State* v. *Myers*, 178 Conn. App. 102, 106, 174 A.3d 197 (2017).

Notwithstanding the inadequacies of the petitioner's principal brief, on the basis of our review of the record, we conclude that the petitioner has not demonstrated that the habeas court's finding that he failed to provide evidence beyond his self-serving, conclusory testimony that Duby provided ineffective assistance is clearly erroneous. The petitioner failed to call Duby as a witness, and he presented no expert testimony to demonstrate that Duby's representation fell below "an objective standard of reasonableness considering all of the circumstances." (Internal quotation marks omitted.) *Camacho* v. *Commissioner of Correction*, supra, 148 Conn. App. 494. Because the petitioner failed to present the habeas court with evidence that Duby's representation was ineffective, we conclude that the court did not err by denying ground VII of the amended petition.

Because we conclude that the habeas court did not err by dismissing grounds I through VI of the amended petition or by denying ground VII thereof, and because the petitioner has not raised any claim that meets any

part of the test for certification to appeal from the denial of his petition for certification to appeal, we conclude that the habeas court did not abuse its discretion by denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] Attorney Leslie Cavanagh was appointed standby counsel.

[2] The jury found the petitioner not guilty of two counts of assault of public safety personnel in violation of General Statutes § 53a-167c (a) (1). *State* v. *Lewis*, 148 Conn. App. 511, 512 n.1, 84 A.3d 1238, cert. denied, 311 Conn. 940, 89 A.3d 349 (2014), cert. denied, 574 U.S. 854, 135 S. Ct. 132, 190 L. Ed. 2d 101 (2014).

[3] Judge Schuman presided at the petitioner's criminal trial. Other judges presided at pretrial proceedings.

Ground I alleged that the petitioner was deprived of a fair trial and a meaningful opportunity to prepare and defend when (1) the trial court, *Damiani, J.*, denied him investigative services, (2) Judge Schuman denied him expert witness services, and (3) Judge Damiani denied his motion for access to an ink pen. It also alleged that the courts' rulings were harmful to the petitioner.

Ground II alleged that the petitioner was denied his right to present a defense when Judge Schuman (1) precluded him during cross-examination from (a) showing the victim her signed statement that was inconsistent and (b) putting the statement into evidence, (2) precluded him from recalling the victim as a witness, and (3) failed to conduct an inquiry into the judicial marshal's "confiscation" of his defense strategy materials.

Ground III alleged that the petitioner's right to self-representation was violated when (1) Judge Schuman (a) forced him to represent himself in leg shackles without exercising juridical scrutiny or placing on the record the reason for the use of restraints and (b) excluded him from a bench conference, (2) standby counsel unduly interfered with the petitioner's presentation and strategy, (3) judicial marshals confiscated the petitioner's defense strategy materials, and (4) Judge Damiani denied his request for an ink pen. The petitioner alleged that the constitutional violations were not subject to harmless error analysis.

Ground IV alleged that the prosecution suppressed exculpatory materials and failed to make a timely disclosure of material impeachment evidence in violation of *Brady* v. *Maryland*, supra, 373 U.S. 87, by (1) withholding photographs of the victim and (2) failing to disclose the criminal records of its witnesses Diane Martell, Amanda Blouin, and the victim.

Ground V alleged that Judge Fasano, Judge Damiani, and Judge Schuman violated the petitioner's constitutional right to counsel by failing to canvass him adequately, by failing to advise him of the mandatory minimum ten year sentence he faced if he were convicted of one of the crimes with which he was charged, and by allowing him to represent himself.

Ground VI alleged that the trial court failed to give him sufficient time to prepare for his criminal trial.

Ground VII alleged that the petitioner was denied the right to the effective assistance of appellate counsel because Duby's "legal representation fell below the objective standard of reasonableness when counsel failed to correct substantial errors and omissions in the record, failed to raise plain error in the record and failed to raise significant obvious errors in the record and such failures constitute[d] ineffectiveness that resulted in prejudice to the petitioner on his direct appeal . . . ."

[4] The petitioner more specifically alleged that Duby only "presented a weak—single—insufficient evidence claim . . . which had the least likelihood of succeeding, while ignoring strong claims—plain error and substantial obvious error in the record." He further alleged that Duby should have raised claims that (1) the trial court erred in denying his (a) motion for an investigator and (b) motion for an expert witness, (2) the prosecutor violated *Brady* v. *Maryland*, supra, 373 U.S. 83, (3) the court violated his right to confrontation by unduly restricting his cross-examination of the victim, and (4) the court committed plain error by forcing him to wear leg shackles at trial and failed to create a record as to the reason for doing so.

[5] The habeas court examined the trial record and made several findings. With respect to the petitioner's claim that he was denied a writing instrument, the record disclosed that Judge Damiani stated that the petitioner will "have a pen and paper to make all the notes [he] want[s]." Although the petitioner admitted that there is nothing in the record to demonstrate that he was

excluded from a bench conference or that he objected to the same, he claimed that facts supporting his claim were removed from the record. As to his claim that judicial marshals confiscated his defense strategy materials, the court found that the petitioner's family delivered documents intended for him to standby counsel in court. Standby counsel knew that the petitioner was incarcerated and that the marshals had to examine anything in the petitioner's possession for security reasons. Standby counsel expressed concern that the package may have contained attorney-client privileged materials. The trial court suggested that the marshals use the metal detector to screen the package for contraband without necessarily examining the contents. The habeas court found no evidence that the marshals confiscated the package as the word "confiscated" is commonly used.

In the present appeal, the petitioner has brought to our attention a portion of the trial transcript that discloses that Judge Schuman held a bench conference with the prosecutor and standby counsel. The petitioner who was representing himself did not object. The transcript also discloses that standby counsel conferred with the petitioner immediately following the bench conference. Because the petitioner did not raise this claim on direct appeal, it is in procedural default, and we therefore need not address it further.

[6] Practice Book § 44-3, titled "Waiver of Right to Counsel," provides: "A defendant shall be permitted to waive the right to counsel and shall be permitted to represent himself or herself at any stage of the proceedings, either prior to or following the appointment of counsel. A waiver will be accepted only after the judicial authority makes a thorough inquiry and is satisfied that the defendant:

"(1) Has been clearly advised of the right to the assistance of counsel, including the right to the assignment of counsel when so entitled;

"(2) Possesses the intelligence and capacity to appreciate the consequences of the decision to represent oneself;

"(3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and

"(4) Has been made aware of the damages and disadvantages of self-representation."

[7] Kidnapping in the first degree is a class A felony punishable by a term of imprisonment not less than ten nor more than twenty-five years. See General Statutes §§ 53a-92 (a) (2) (A) and 53a-35a (4).

[8] On appeal, the respondent argues that the petitioner may not use the catchall phrase "[s]uch other errors as are revealed upon a review of the transcripts and record" to bootstrap into the petition any claims he later decides to add on appeal, after the court has denied his petition for certification to appeal. We agree that, following the denial of his petition for certification to appeal, the petitioner is limited to the claims stated in his petition for certification to appeal. "Because it is impossible to review an exercise of discretion that did not occur, [a reviewing court is] confined to reviewing only those issues which were brought to the habeas court's attention in the petition for certification to appeal." *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 216, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013).

[9] In his application for waiver of fees and costs, which was filed *after* the court had denied his petition for certification to appeal, the petitioner stated the following grounds for his appeal: (1) whether the habeas court abused its discretion when denying his petition for certification to appeal, (2) whether the court abused its discretion in dismissing and denying the claims raised in the amended petition, (3) whether the court erred in denying the petitioner's motion for default judgment, (4) whether the court abused its discretion in denying the petitioner's motion for summary judgment, (5) whether the court erred in denying the petitioner's motions to subpoena the audio tapes of his criminal trial, (6) whether the court erred in failing to grant the petitioner's motion to correct and reconstruct the record, (7) whether the court erred in denying the petitioner's oral motion for sequestration of Duby, (8) whether the petitioner's constitutional right to effective assistance of appellate counsel was violated, and (9) such other errors as are revealed on a review of the transcript and record.

[10] See footnote 11 of this opinion.

[11] "Pursuant to No. 12-115, § 1, of the 2012 Public Acts, subsection (b) of § 52-470 was redesignated as subsection (g)." (Internal quotation marks omitted.) *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 414 n.8, 236 A.3d 276, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020).

[12] The petitioner did not specifically include those claims in his petition for certification to appeal. The habeas court dismissed those claims, in part, on the ground that the petitioner had failed to demonstrate good cause for not raising those claims in his direct appeal. In reaching that conclusion, the habeas court found that the petitioner had failed to demonstrate that his failure to raise the claims on direct appeal was caused by Duby's ineffective assistance. As a result, we review these claims because they arguably are subsumed within that part of his petition for certification seeking review of whether his "constitutional right to the effective assistance of appellate counsel was violated . . . ."